THIS is a writ of error brought by the defendant, to a judgment for the plaintiff in an action of eject, ment.
The points made by the ¡assignment of error, grow out of á bill of exceptions taken by the defendant in the circuit court. The only one which we deem material to be particularly noticed, arises from an objec. tion taken to tbe reading as evidence, a deed, through which the lessor of tbe plaintiff derived title. Tbe deed was for land lying in Garrard county, where vho suit was brought, and was certified by the clerk of Scott county court, to have been acknowledged before him by tbe grantor therein named on the 30th of March, 1819, but had tiever been admitted to record in the office of the- clerk of the county court of Garrard ; and notwithstanding the objection of the defendant, the circuit, court permitted it to be read without any farther proof of its execution. In this, we think that court erred. The deed most obviously could not be admitted to be read as an enrolled or recorded deed, and most clearly the certificate of the clerk of Scott county court, could not be received as evidence of its execution j for it is only for the special purpose of admitting the deed to record in tffe proper office of the county where the land lies, that the certificate of the clerk of any other county of the acknowledgment of the grantor, is authorised by law, and even when used for that purpose only; still, the died, if not recorded in the time prescribed by law, cannot, according to die uniform tenor of the decisions of this court, be read as evidence, without other proof of its execution.
As the deed in question, therefore, in this case, was pot only not admitted to record, but the time for its admission had elapsed, the certificate of the clerk of Scott county was no legitimate evidence of its exccu. *238 tion, and of course without further proof, it was inadmissible.
The other points made by the assignment of error. arise out of the refusal of the circuit court to grant a new trial, and as the judgment must be reversed and a new trial be directed on the ground already considered, it seems unnecessary to notice those points.
The judgment must be reversed with costs, and the cause be remanded for new proceedings to be had, not inconsistent with this opinion.