The opinion of the court was delivered by
Gibson, J.
This action could be sustained only on proof of actual fraud in the defendants. . The contract between the judgment creditor and a purchaser at sheriff’s sale, is not like that .which arises, where, from the subject matter and nature of the agreement, it must be conceded that the parties proceed on a supposition that the facts are in a particular way, and in which the common mistake of both, is good ground to rescind the bargain ; but the purcháse is essentially based on a state of things resting in contingency. The par.ties do not treat for a title, but the creditor proposes to sell and the purchaser to buy, just whatever interest the debtor may have in the land, for nothing more is affected by the judgment; and therefore mere mistake, without misrepresentation of circumstances or any other species of express fraud by the creditor, will be insufficient to enable the purchaser to recover back the price he has paid ; he purchases the debtor’s title such as it is, and must stand to the risque. But for actual fraud the judgment creditor would be liable ; and an innocent man who had been inveigled by him into a purchase, might rescind the contract and compel him to refund. With respect to the first bill of exceptions, then, the question is whether the facts nakedly as they were presented to the consideration of the court, or in connection with the evidence which had already been given, were such as might authorise the jury to draw an inference of fraud. The plaintiff had given in evidence the judgment, proceedings on it, and sale to the plaintiff', and the actual receipt of the purchase money by the defendants; and then, for the purpose, as it is alleged, of proving that the defendant had received and retained the money by fraud, offered to show that previous to the sale the judgment creditor had conveyed the premises to a third person by deeds duly recorded ; and that the under-sheriff who conducted the sale, encouraged tho *139 plaintiff to purchase by assurances that he would get a title : and further, that the plaintiff, after having purchased on these assurances, and finding himself deceived in the title, preferred a petition to the directors of the bank (the defendants) setting forth the particulars, and praying them to refund; but after having thus come to a knowledge of the facts, they nevertheless retain the money. Now in connection with these facts there was no offer to show that the directors actually knew that the debtor had conveyed the property before the sheriff’s sale, or that the encouragement given by the under-sheriff was by their authority or direction : circumstances absolutely necessary to affect them with any thing like fraud. The recording of the conveyance was not prima facia evidence that they actually knew of it, for the act of assembly makes that notice only to subsequent purchasers, and if it were even notice of the fact to the defendants who are judgment creditors, it would also be notice to the plaintiff, who standing in equal knowledge, could with no pretence of reason, allege that he was deceived. But constructive notice is not prima facie evidence of actual knowledge of the fact; the presumption of notice, where it arises at all, being conclusive, even against the truth of the fact; and therefore constructive notice is always insufficient to fix on a party actual knowledge as the ground work of express, fraud, which, and not fraud by implication of law, is the foundation of this action. There might be a case of so gross a nature as to raise a presumption from the fact itself, that the judgment creditor knew the debtor to be without colour of title, as where he had never been in possession or made any sort of claim, or the possession under the eye of the creditor had been held adversely for twenty-one years, and many other'cases of the kind; and there actual knowledge might be deduced from the circumstances ; but that is not this case. So, no presumption could reasonably arise that the declarations of the under-sheriff were made by the authority of the directors. He was not like an auctioneer, the agent of both parties, but of the law ; and therefore till the contrary be shown, he is presumed not to have acted, under particular instructions from the directors, but according to the mandate of his writ. The evidence, therefore, as it was offered, presented facts, which, isolated as they stand in the bill of exceptions, were altogether irrelevant, and so entirely without operation, that I incline to think they might safely have been demurred to, if there were nothing else in evidence. But the plaintiff contends that this may have been only a part of the chain of his evidence, and that what was deficient might afterwards have been supplied. If this were admitted, no court could without error, ever reject.evidence for irrelevancy, as there is no fact so entirely irrelevant as to be incapable of being connected with the question, however remotely, by the intervention of a chain of possible circumstances. But the question is, how did the matter stand as it was pi’oposed to the com;t ? If it was altogether irrelevant, *140 the court might reject it, although it might not perhaps be error to admit it. If it would be relevant, when taken in connection with other facts, it ought to be proposed in connection with those facts, and an offer to follow the evidence proposed, with proof of those facts at the proper times. But the court is not bound to spend its time in an inquiry, which from the showing of the party can produce no results. Dislocáted circumstances may doubtless be given in evidence, particularly if there be no objection to the order of time; but the proposal of the evidence must contain in itself, by reference to some thing that has preceded it, or that is to follow, information of the manner in which the evidence is to be legitimately operative. It is said that from the facts offered here, the jury might possibly have presumed all that was necessary to make out the plaintiff’s case. Juries sometimes assume facts without any evidence at all; but it will not be said that facts, which by themselves, can have no other operation than to confuse and mislead, by inducing a suspicion of the existence of some other necessary facts, where the presumption is not a reasonable or natural one, ought therefore to be admitted. With respect to the matter of the petition to the directors and their refusal to refund, it is impossible to see how it could have any operation in the cause, as it would not be unconscionable in the defendants to retain the money, if it was not unconscionable to receive it.
The second bill of exceptions stands on worse ground still. The plaintiff offered to prove that at the time of the sheriff’s sale, the premises were bound by a mortgage which had been executed by the person from whom the debtor purchased, and that they have since been sold on the mortgage. But the plaintiff purchased at sheriff’s sale only the interest of the debtor affected by the judgment, which was the equity of redemption that was in the mortgagor, who had conveyed nothing more to him. As respects this mortgage, therefore, he obtained all that he paid for, a right to redeem; and if he suffered the 'premises to be sold for the debt secured by the mortgage, he has no room for complaint, on that ground, which is distinct from that on which the claim is attempted to be sustained in respect of the absolute conveyance of the premises.
The third bill of exceptions is to be evidence given by the defendants, of the regularity of the proceedings and sheriff’s sale ; and of there having been printed or written conditions. The evidence was not very material, but unquestionably competent, as tending to prove as far as it went, that all was fair on the defendants’ part; and the existence of written conditions, had a tendency to negative any inference that the under-sheriff had acted under parol instructions.
Then with respect to the charge : What has been said in relation to the first bill of exceptions, is in many respects applicable to this part qf the case. The judge was entirely correct in directing *141 tbe jury .that the action could be maintained only on proof of actual fraud, and that ignorance or mistake in the' purchaser was insufficient; as well as in charging that the defendants were not to be. affected by the declarations of the under-sheriff; unless it were shown that they were made with the defendants’ knowledge and assent. But it is only objected that the judge gave a positive direction as to both law and fact, by instructing the jury that there was no legal evidencé to enable the plaintiff to recover, and. that their verdict ought to be for the' defendants. If there had been facts in evidence, according to the finding of which, the right to the verdict would be decided, either in the one way or in the other, this would have been error ; but such was not the case. Taking every- fact and circumstance given in evidence, to be true (and there does not seem to have been any fact in dispute,) still the plaintiff had entirely failed to make out a case; and the judge might in perfect consistency with his duty, say so. The plaintiff having thus failed in all his exceptions, the judgment is affirmed.
Judgment affirmed.