*272 Opinion op the Court, by
Ch. J. Boyle.
THIS was an ejectment for land lying in Barren county, where the suit was brought. On the trial, the lessor of the plaintiff produced in evidence a patent fr°m R*c commonwealth to Thomas Marshall, for the land in controversy, and a deed of conveyance from Marshall to Susanna M’Clung, wife of William M’Ciung, an<^ °ffere(I to read in evidence an instrument purporting to he a deed of conveyance from M’Clung and wife, bearing date the 15th of December 1807, to James Hughes, and certified by the clerk of Mason county conrh io have been acknowledged by M’Clung and wife, before him, in his office, on the 26th day of December 1807, and by the clerk of Barren county court, (0 |lave been recorded in his office on the 24th day of ^ April 1810. To the reading of this deed as evidence, the defendant objected, without further proof was given of its execution, and the court sustained the objec- ... , J tion.
This decision, we have no doubt, was correct. The certificate of the clerk of Mason county, of the acknowl-ec¡gment of the deed before him, most certainly could not be received as evidence of its execution, so as to entitle it to be read; for, as was decided in the,case of Andres vs. Turner, (2 Litt. Rep. 237,) it is only for the-special purpose of admitting a deed to record in the proper office of the county where thi .land lies, that (he *273 ftert-ificate of th'e clerk of any ot¡¡j^r¡.county, of the acknowledgment of the grantof,,.^’’authorised by law.. Nor was the deed entitled to¡.be reád in evidence as an enrolled deed; for the deed ívas not recorded in the county of Barren, where the land lies, for more than two 3rears after it was certified by the clerk of Mason county court; whereas the law expressly, requires it to be recorded within eight months thereafter; and it is set-tied by a current of decisions, that a deed not recorded in the time proscribed by law, cannot be read as an enrolled deed, and of course, to render it admissible, its execution must be proved, as well as that of ary other unrecorded instrument.
A deed hold not to operate as an es-toppel.
After the deed from M’Clung and wife to Hughes was rejected, the lessor of the plaintiff offered in evidence a deed from Thomas Hardy to Isham Hardy, having previously produced in evidence a judgment and execution against Isham Hardy, and a deed from' the sheriff of Barren county to the lessor of the plaintiff, as a purchaser under thq execution; hut the. defendant objected to the reading of the deed from Thomas Hardy to Isham Hardy, upon the ground that it was irrelevant, and the circuit court sustained the objection, and rejected the deed.
This decision, wre are also of opinion, was .correct. The irrelevancy of anj' matter to the point in issue, is clearly a good objection to its admissibility as evidence; for, from the nature of evidence, nothing can be. so denominated, which does not demonstrate, make clear or ascertain the point in issue. Now, the point in issue in this case, was, whether the lessor of the plaintiff had U'tie or not; and, most unqucslionably, the deed from Thomas Hardy to Isham Hardy, without showing that the former had title, could not show that any title had passed from him, and of course could not show a title in tjie lessor of the plaintiff; for, certainly,'the mere act of ■executing;! deed of conveyance cannot créate a presumption of title in the vender. But, wrere it even to be adpiifted that such a presumption would be thereby cheated, it is sufficiently repelled, ,in this case, by the eyicience which had been produced by the lessor of the j$|i@.tiff, showing tille in ,Mjs. M’Clung,'without exhih-ítí&gsEmy legitimate pr<^tp^her having parted with if. Wie^trp..avvare^that title toland is.ctfte.n derived through aTangtSuccesaifehofconveyances: ’and, no doubt, a *274 tv, in making out his title through such a succession of 'conveyances, may exhibit them in any order be chooses 5 butif'he elects to produce any of them in an order in which its connexion with the title does not appear, and it is objected to on the score of its irrelevancy, lie must, to' show its connexion and obviate the objection, produce, or offer to produce, the residue of the series of conveyances, which constitute the evidences of his title; for otherwise, that which is objected to cannot appear to be relevant, and what does not appear, we cannot presume to exist.
■ The lessor of the plaintiff lastly offered to read a deed for the land in controversy, from Isham Hardy to the defendant, his son, and proved that the defendant claimed* to have purchased the land from his father, and promised to pay the debt due to the lessor of the plaintiff if he would not seii the land under his execution; but the deed being objected to by the defendant, the circuit.court sustained the objection and excluded 4he deed.
It is impossible that this deed could be materia], unless it would operate as an estoppel to the defendant, to deny that Isham Hardy had title; and in fact this appears to have-been the only ground on which it. was contended to be admissible. But we can perceive no principle upon which it could-have that effect. It is not the deed of the defendant, but of Isham Hardy only, by whom alone it is executed; and not being the deed of the defendant, -it-cannot, .as a deed, operate-to estop him from denying that the grantor had title. Nor can the deed create any relation between the parties to it, whereby the defendant would be estopped. Wc know, that a tenant cannot deny the title of his landlord; nor cana person who enters upon land in virtue of an ex-ecutory contract of purchase, deny the right of him under whom he enters; for he is, quasi, a tenant holding only in virtue of his vender’s title and by his permission. But the deed in question is an executed grant to the defendant in fee simple, and he holds, notas tenant of the grantor, but in his own right and for his own benefit, and his possession is adverse to his grantor, as well as to the rest of the world. i|e cannot, therefore, be under any greater obligation;.'fi^gto dispute his grantor’s title, than he is not to dispute the title oCan-y otlftr per-* son.-Judgment affirmed-with cogt&falfc ■ '