## VAN BUREN *vs.* WELLS.

To authorize the introduction in evidence upon the trial of a cause, of any particular fact or circumstance, if objected to, the party offering the evidence must show its relevancy, by reference either to the testimony already given, or to facts to be subsequently proved on his part. The court may reject evidence offered, if deemed irrelevant, or if already given may instruct the jury to disregard it; the better course, however, is to reject in the first instance.

MOTION to set aside a report of referees. The plaintiff claimed to recover for services as an attorney, counsel and solicitor, in conducting various suits for the defendant. In pursuance of an order he furnished a bill of particulars, consisting of various charges for services rendered and moneys

ALBANY,
January, 1838.

Van Buren
v.
Wells.

advanced in a suit commenced against the defendant by one Lain, in the Yates common pleas, where Wells obtained a judgment; which was removed by writ of error, first into the supreme court and then into the court for the correction of errors, where the judgment of the common pleas was finally affirmed. On the hearing before the referees the plaintiff proved that on the 28th March, 1836, he caused an account to be presented for upwards of $100, for counsel fees and money paid in the suit of *Lain* v. *Wells,* and that the defendant then admitted that he owed the plaintiff the sum of *fifty dollars.* On this evidence the plaintiff rested. The defendant offered in evidence two receipts given by the plaintiff to the defendant; one *dated* 10th December, 1835, for a quantity of oats, and the other for *ten dollars* to be applied to the costs of the suit of Lain and Wells, bearing date 9th June, 1835, which being objected to, were refused to be received by the referees. The defendant also offered to prove that the plaintiff agreed, at the time of the suing out of the last writ of error, that if Wells succeeded in the court for the correction of errors, he would not charge him any thing for services rendered in that court; this evidence being objected to was also overruled. The defendant then proved that the present plaintiff had accepted the note of Lain for the costs recovered in the cause, and had discharged Lain from liability for such costs. The counsel for the defendant insisted that the plaintiff was not entitled to recover, because 1. as between attorney and client *extra counsel fees* are not recoverable, and the plaintiff having accepted Lain's note for the taxable costs and counsel fees, had no claim against Wells; 2. that an agreement to pay more than taxable fees is not obligatory; and 3. that the plaintiff was not entitled to interest. The referees reported in favor of the plaintiff for the $50 admitted by the defendant to be due, and the interest of the same. The defendant moves to set aside the report.

*D. B. Prosser,* for defendant.

*E. Van Buren,* in *pro. per.*

*By the Court*, Cowen, J. There was, I think, evidence sufficient to warrant the referees in finding an account stated and settled between the parties, and a balance struck of $50, as early as March, 1836. The conversation with the witness is not resolvable into a mere offer to compromise, inadmissible as such within the cases on that subject. That this is so, I refer to my examination of a similar question in *Mead* v. *De Golyer*, 16 Wendell, 632, 642, 3, &c. and the cases there cited. The bill of particulars contained a charge for this balance, though there was no count upon it in the declaration. No objection, however, was made for variance in this respect, either from the declaration or bill. That sum was therefore properly allowed with interest, unless errors have intervened in some other respects.

The receipt for *oats*, being dated anterior to the settlement, to be inferred from Masten's evidence, and the referees holding at that stage of the cause, as they well might, that a settlement was fully proved, they had a right to pronounce the receipt irrelevant, as having, *prima facie*, been merged in the settlement. There was no evidence to show that the receipt had been omitted in the settlement. Standing thus alone and isolated, it was irrelevant. If counsel be desirous to introduce such a fact they should propose some additional fact or facts showing the relevancy of that which is offered. The principle is, that a proposal to introduce an isolated circumstance must contain in itself or by reference to something else, either already in evidence or which is offered as yet to come, enough to evince the manner in which it is to be legitimately operative, or it may be rejected. The important branch of nisi prius practice, resting on this principle, is sustained by many authorities; but I think it will be found best explained and exemplified by the late case of *Weidler* v. *The Farmer's Bank of Lancaster*, 11 Serg. & Rawle, 134, 139, 140. See also, in connection with this case, 4 Stark, Ev. 381, and *Winlock* v. *Hardy*, 4 Litt. 272, 3; *Harris* v. *Paynes*, 5 id. 105, 7, 8; *Wilson's adm'rs* v. *Bowen*, 5 Monroe, 33; *Clark* v. *Beach*, 6 Conn. R. 142; *Rowt's adm'r.* v. *Kile's adm'r.*, 1 Leigh, 216,

ALBANY,
January, 1838.

Van Buren
v.
Wells.

223, 4; *The People* v. *Genung*, 11 Wendell, 18, 21, per Sutherland, J.; *Rex* v. *Hursey*, 6 Carr. & Payne, 81. These cases contain some very apt illustrations; and the practice was also very well examined in a still later case, that of *Davis* v. *Calvert*, 5 Gill & Johns. 269, 304, and also in *Harwood* v. *Ramsay*, 15 Serg. & Rawle, 31, 35. The result seems to be that the court may reject on the ground of the apparent irrelevancy, or may let in the proof in the first instance, and repudiate it if, after all is heard, it shall come short of any tendency to prove the issue. But the better way is to reject it in the first instance, if it come plainly short, as I think is very satisfactorily shown by Gibson, J., in *Weidler* v. *Farmer's Bank*, before cited, p. 138 to 140.

The other receipt was one of payment to apply on the bill of costs in *Lain* v. *Wells*. The intendment was that this also had been included in the settlement. The defendant told Masten he owed so much over and above all payments. This receipt was irrelevant, therefore, like the other, for want of an offer to prove that it had been omitted.

The referees, it seems, finally acted under a belief that a balance of $50 had been in fact struck; and therefore very properly allowed that sum with interest.

For aught we can see, the two first of the three objections finally made in summing up were adopted by the referees, viz. that the plaintiff could recover no more than taxable costs, and no agreement to pay more would be valid. There was nothing in this incompatible with the fact that there was a balance of $50 due on general setlement. What that settlement comprehended does not appear. It may or may not have been for fees properly taxable, and yet for fees due over and above what Lain had paid to the plaintiff. Beside, the balance of $50 might have arisen out of a distinct dealing between these parties. The defendant did not tell Masten on what particular account the balance had arisen; at the most, he merely threw out an intimation.

As to the offer of proof that no charge would be made for services or disbursements in the court of errors, the answer already given to the other offers would also seem to apply. I repeat, the admission was of a balance of $50 in-

dependent of any particular branch of costs, nor indeed do I see that it was necessarily to be inferred that it had any connection with costs.

The motion to set aside the report must be denied.