# LEWIS *vs.* PALMER and HART.

S. bought a cow from defendant, giving his note for the purchase money, and agreeing that, if the note were not paid, he would deliver up the cow as security ; S. sold the cow some time after to L. who sold to plaintiff ; defendant took the cow from plaintiff. In an action by plaintiff against defendant for such taking, *held*, that the sales to L. and the plaintiff are to be presumed bona fide, and that such presumption must be rebutted before defendant can show fraud in the purchase from him by S.

The case of *Mowry* v. *Walsh*, 8 Cow., 238, is an exception to the general rule, that a man having a vicious title can not transfer any right to another. The exceptions to the rule should not be multiplied, but that case is an authority for the present one. (a)

ERROR from Madison common pleas. I. Lewis sued Palmer before a justice, in trespass for entering his close and taking away his cow. Trial by jury. Plaintiff bought the cow of C. Lewis, who bought her of Stocking, who bought her of defendant, who took her away from the plaintiff. Stocking gave his note to Hart at three months, adding that if the cow was not paid for, he would turn her out as security. Defendant offered to prove that Stocking obtained possession of the cow from him by false and fraudulent representations, and with a design of never paying for her. Objected to generally and the objection allowed. Defendant then offered to show that the purchase of the cow by Stocking from him was fraudulent. This was objected to generally and the objection allowed. There was judgment for plaintiff, which was reversed by the common pleas.

*By the Court*, COWEN, J. The only plausible ground for sustaining the reversal is the overruling of the offer to show that the purchase by Stocking of the defendant Hart was

(a) See *Ash* v. *Putnam*, 1 Hill, 302 ; *Pringle* v. *Phillips*, 5 Sandf., 157. If a sale of chattels is conditional, an unconditional delivery will enable the purchaser to give a valid title to any one who buys of him in good faith and for value. *Caldwell* v. *Bartlett*, 3 Duer, 341. And it seems that in case of a sale and delivery, even where the delivery is conditional, a *bona fide* purchaser from the person to whom such delivery was made, will acquire a valid title. *Id.*

Lewis v. Palmer and Hart.

fraudulent. The cow had been in his possession some time before he sold her to C. Lewis, who sold her to the plaintiff, from whose possession she was taken by the defendants. There was no offer to prove that the defendant Hart, either before or at the time when he took her away, offered to return Stocking's note, or that either C. Lewis or the plaintiff had any knowledge or notice of the fraud, or any other fact going to impeach the bona fides of their respective purchases. It was to be presumed that their purchases were made in good faith ; and it lay with the defendants to overthrow that presumption, before the proof proposed by them could be legally available. According to the case of *Mowry* v. *Walsh*, 8 Cowen, 238, a bona fide purchaser, though from a fraudulent vendee, acquires a good title. I admit the case is an exception to the general rule, that a man having a vicious title can not transfer any right to another ; and I agree that exceptions should not be multiplied ; but the case is in point that Stocking's fraud in the abstract could not be received to affect the title of his vendee, much less a purchaser from the latter. It was that fraud alone which the defendants offered to show. I think they should have gone farther, and proposed to attach the bona fides of both the subsequent vendees. Perhaps in addition, they should have offered to show a tender or return of the note given on the sale. The proposition of proof therefore was short. It would not have made out a defence. The possibility that something might have been afterwards shown which would give it effect is not enough. This may be said of almost any evidence. It did not lie with the plaintiff to point out the defect of the offer particularly. It was insufficient and irrelevant on its face. (*Weidler* v. *Farmers' Bank of Lancaster*, 11 Serg. & Rawle, 134, 139, 140.)

The note was not so worded as either to leave the title to the cow in Hart till Stocking should pay for her, or, of itself, to pass the title on default of payment at the stipulated time. His promise was, that on default he would turn out the cow for security.

No ground other than the two I have noticed is now relied

on to sustain the judgment of the common pleas, which I think must be reversed.

Judgment of common pleas reversed, that of justice affirmed.