*P. Smith*, for plaintiff in error.

*L. Clark*, for defendant.

———•••———

## SMITH v. BISSELL.

A note is *prima facie* evidence of a settlement between the parties to it, so as to exclude items of set-off, charged prior to the date of the note, unless the defendant first prove or offer to prove, that such items were not included in the settlement upon which the note was given.

A judgment cannot summarily be rendered against a surety in a case taken to the district court by *certiorari*, as it may be in cases taken up by appeal.

## *Error to Dubuque District Court.*

*Opinion by* GREENE, J.   This action was commenced before a justice of the peace, on a promissory note, made by Seneca Smith to E. M. Bissell, and a judgment rendered for the amount due on the note.   Upon trial before the justice, the defendant offered to prove items of set-off, which bore date prior to that of the note.   To this evidence objections were made by the plaintiff, and sustained by the justice.   Assuming this ruling to be erroneous, the defendant took the case to the district court by *certiorari*, and there the decision of the justice was affirmed and a judgment rendered against the plaintiff in error, and his surety in the *certiorari* recognizance.

It is now contended, that the court erred:   1. in affirming the judgment of the justice; and 2. in rendering judgment against the surety.

Upon the first point the question is presented, does the note amount to *prima facie* evidence of a settlement between the parties, so as to exclude items of set-off charged prior to the date of the note, unless the defendant first prove or offer to prove, that such items were not included or satisfied in the arrangement or settlement upon which the note was given.

It is hardly consistent with the ordinary dealings between men, nor with the more systematic transactions of commercial life, to presume that a man would be likely to give his note to a person who was at the same time indebted to him.   Such a presumption is not only inconsistent with the general course of business, but is repugnant to the language of the note, which acknowledges a given sum to be due from the maker to the payee.   The prevailing office of a note is to show a liquidation between the parties, a settlement of mutual accounts, or an adjustment of a demand, and to create an evidence of the balance or the amount due from one party to the other.   This leading and salutary object of a note, would be greatly impaired,

if it should not in all cases be adjudged at least *prima facie* evidence of the indebtedness therein expressed, and that all demands held by the payer against the payee, were satisfied in the arrangement upon which the note was exe-cuted. This principle was recognized in *Gould* v. *Chase*, 16 John. 226, which was an action on a note dated December 28, 1813, for twenty five dollars. The defendant offered to set-off a note given by the plaintiff to one S. or bearer for $1,33, dated in 1810, and also a memorandum in his book of accounts dated May 27, 1811, in which the plaintiff admitted, that he was then owing the defendant the sum of $63,48. It was held by the court, that in the absence of all explanation, the giving of the note was *prima facie* evidence that those demands had been satisfied.

In *Eaves* v. *Henderson*, 17 Wend. 191; a set-off was offered against the note, and in the set-off two items were included, which had been delivered previous to the date of the note; it was held that evidence in relation to those two items, either as a set-off or payment was not admissible because a contradiction of the amount due, as expressed in the note. And it is doubted in that case, whether even an agreement to set-off precedent debts, can operate as a payment, satisfaction, or extinguishment of the note.

Another case in point is *Van Buren* v. *Wells*, 19 Wend. 203; in which a receipt for oats, dated anterior to a settlement between the parties, was pronounced to be irrelevant, as having *prima facie* been merged in the settlement. As a reason for this conclusion, the court say that the receipt was irrelevant because no evidence was offered to show that it was omitted in the settlement.

Influenced by the foregoing views and authorities, we conclude that the note in the case at bar was presumptive evidence of a settlement between the parties, which included the items of set-off dated anterior to the note, and that evidence in relation to those items, was *prima facie* irrelevant and therefore inadmissible. The defendant might have rendered proof of those items relevant, by proposing to show that they were not included in the settle-

ment. A fact so isolated and detached from a legitimate set-off, can only become admissible by proving or proposing to prove some additional fact showing the legal connection and relevancy of that which is offered. The principle appears to be well supported by authorities, that evidence apparently irrelevant to the matter in issue, may be lawfully rejected, unless the party offering it, show how it can be made relevant by reference to facts already in evidence, or which he proposes to establish by evidence to be adduced. *People* v. *Gening,* 11 Wend. 21; *Van Buren* v. *Wells,* 19 *ib.* 203, 205; *Winlock* v. *Hardy,* 4 Litt. 272; *Harris* v. *Payne,* 5 *ib.* 105, 108; *Clark* v. *Beach,* 6 Conn. 142; *Crenshaw* v. *Davenport,* 6 Ala. 390, 392; *Tuggle* v. *Barclay, ib.* 407, 410; *Weidler* v. *Farmers' Bank,* 11 Serg. & Rawle 134, 139, 140.

From these authorities, the conclusion necessarily follows, that in *nisi prius* practice, if evidence appears to be irrelevant at the time it is offered, it is not error to reject it merely because other evidence might be given in course of the trial, by which both connected might become relevant. Still a court may let in such proof in the first instance, and if, after all is heard, it has no tendency to prove the issue, it may be excluded. But it appears to be the better practice and sanctioned by high authority, to repudiate the irrelevant testimony in the first instance, unless the party who offers it proposes to prove other facts at the proper time, which would render the evidence of all the facts admissible to support the issue.

We think then, that the court below very correctly affirmed the decision of the justice, and properly rendered judgment against the plaintiff in error.

2. But the court obviously went too far in entering judgment against the surety, in the *certiorari* bond. A proceeding so summary and extraordinary, can only be authorized by express statutory provision. Although this practice is provided for in appeal cases, (*Rev. Stat.* 336, § 16,) it is not authorized against sureties in those cases, which are removed to the district court by *certiorari.*

The judgment of the court below, so far as it affects the surety, will therefore be reversed, but in all other particulars affirmed at the cost of the defendant in error.

*P. Smith*, for plaintiff in error.

*L. Clark*, for defendant.