## BERNARD C. BAILEY, Respondent *v.* STEAMER NEW WORLD, Appellant.

The rule of law, that possession of personal property is *prima facie* evidence of ownership, is uniform in its application. The question of the ownership of a vessel forms no exception to the rule.

Where the master of the vessel was in possession, and the record did not disclose any other owner, the admissions of the master were admissible in evidence with the same effect as if the suit had been against the master himself.

THIS was an appeal from the Superior Court of the City of San Francisco.

The plaintiff complains of the Steamer New World, being a vessel navigating the waters of this State, For that plaintiff on the 25th October, 1850, being owner, &c., of the barque "Jane Dayton," then and there riding at anchor, &c., well secured, &c.; and the said steamer, by the carelessness and negligence, &c., of her master and crew, ran against and upon the said barque Jane Dayton with such violence as to carry away her bowsprit, &c., and do other great injuries, &c., to the said barque to the damage of $2,447.50, &c.

The cause was submitted to a jury who found for the plaintiff $1,641, upon which judgment was entered, and from which defendant appealed.

The only error assigned in this Court, together with the facts in connection with it, are set forth in the bill of exceptions—which states, "that on the trial of the cause, Stockbridge was sworn as a witness on behalf of the plaintiffs. It had been previously shown, that on the night of the 25th October last, the above named steamboat had come into collision with the ship Jane Dayton, the property of the said plaintiff, in the harbour of San Francisco; and that at the time of such collision, and for some days thereafter, one Edward Wakeman was master of the said steamboat. The counsel for the plaintiff then asked the witness Stockbridge, if he had a conversation with said Wakeman on the morning of the 26th October last, in relation to the collision? Whereupon the counsel for defendant objected that

the declarations of the said Wakeman were not competent evidence.

The counsel for the plaintiff then offered to show, that on the morning succeeding the collision, the said Wakeman had declared that the collision was caused by the neglect of the pilot of the said steamer New World. The counsel objected to the reception of this evidence; but the Court overruled the objection and admitted it, and defendant's counsel excepted, &c.

The witness Stockbridge then testified, that on the morning next after the said collision, he had a conversation with said Wakeman, who then declared, that such collision was caused by the neglect of the pilot to port his helm when he was ordered—and he should have done so.

*A. T. Wilson,* for appellant.

The Court erred in receiving evidence of the declarations of Wakeman. Morton *v.* Brown, Jones *v.* The Senator, both decided in this. Court. Story on Agency, sects. 134, 135, 136 and 137; Thalhauer *v.* Breckenhoff, 4 Wend. 394; 1 Greenleaf's Evid. sects. 113, 114 and 115. The counsel then examined the testimony of witness, to show a discrepancy between the testimony of Wakeman himself, as called out by the cross-examination of plaintiff, and his declarations as testified to by the witness—and then proceeded to argue, that if the declarations of Wakeman proved by the witness, and his own testimony, had been exactly alike, the error is still fatal, unless they make it appear that the declaration proved was entirely disregarded by the jury. Marguond *v.* Webb, 16 Johns. 89; Manhattan Company *v.* Osgood, 3 Cowen, 691; Worrell *v.* Parmalee, 1       519. The idea that the declaration can be received as made against his own interest is baseless—the fact which his declarations proved would entirely exculpate him from all blame, even if those on the boat were in fault. If the pilot neglect his orders, could Wakeman be held responsible to his owners? The idea that he was owner of the boat, because he was in possession of her, and that his possession flowed from the fact of his having been master of her, cannot be maintained. If owner, the bill of exceptions should have shown that fact, which it does not. The question below and in this Court was, Whether a mere master's

declarations may be given in evidence, where they do not form part of the *res gesta*, and not those of the owner. The possession, as master, does not import ownership, any more than the occupation of his coach and horses by a stage driver, &c. See Robertson, et al. *v.* French, 4 East, 130; Pritchard's Dig. 505. Neither does it appear that he was in possession at all; the mere fact stated was, that he was, and had been, master; but that he had possession as such, does not appear; the owners might have been in possession, and he as master, commanded for them.

For respondent.

The decision of this Court in the case of Innis *v.* Rhode Island, (Justices Bennett and Hastings presiding,) excluding the declarations of a master, as to facts attending a collision, made subsequent to the *time* of their occurrence, and therefore not a part of the *res gesta*, is directly contrary to a decision of the High Court of Admiralty in England; 5 Law & Eq. Rep. 526. So in the case of the "Manchester," the confessions of a master, in a case of collision, was held evidence; 1 Wm. Robb. 62; Pritchard's Dig. 195, No. 55; case of the "Lord Seaton;" Washington C. C. Rep. 142, Stone & Ketland.

There was no evidence whatever to show ownership out of Wakeman; the possession of the vessel was shown to be in him, and the fact that he was master, does not exclude the idea that he was owner, and *non constat*, his possession was that of owner as well as master. Possession of personal property, is *prima facie* evidence of title. Matthewson's Presumptive Evid. 30. This was the law in England with regard to ships, before the registry acts, 26 Geo. 3 ch. 60; and 34 Geo. 3 ch. 68; the policy of which acts was to secure evidence of the title to a ship from her origin to the period at which you look back for her history; Ex parte Yallop, 15 Ves. 66. What appears upon the registry, is now decisive evidence of title, both legal and equitable. Previously to the registry acts, payment of the money on the purchase of a ship, would have carried the title; 17 Ves. 253, Ex parte Houghton.

In this country the law is altogether different; the object of the registry, is merely to show the national character of the vessel, and give her the advantages secured by law to vessels of

our own country, &c.; Sharp *v.* United States Insurance Company, 14 Johns. Rep. 201.; 1 Maine, 310; Leonard *v.* Huntington; Weston *v.* Penneman.   In the latter case, the English acts are compared with our own, and the difference is shown, by which the inference is clear, that the rule in relation to the possession of personal property, implying ownership, applies to ships; 3 Kent's Com. 130.   If then in the absence of all testimony of ownership, the possession of Wakeman is deemed *prima facie* evidence of ownership, his admissions were admissible as evidence.

The opinion of the Court was delivered by

HEYDENFELDT, Justice.   The rule of law that possession of property is prima facie evidence of ownership, is uniform in its application.   The question of the ownership of a vessel, forms no exception.

In this case the vessel was in the possession and under the control of the master.   The record does not disclose that she had any other owner.   The admissions of the master were therefore admissible in evidence in this suit, to the same effect as if the writ had been against the master himself.

This being the only assignment of error, the judgment is affirmed with costs.

MURRAY, Chief Justice, and ANDERSON, Justice, concurred.