## CHAS. L. WILSON and JOHN WILSON, Appellants, v PETER LASSEN and HENRY GERKE, Respondents.

A Court of Equity will not permit litigation by piece meal. The whole subject matter and all the parties should be before it, and their respective claims determined once and forever.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

Action tried by the Court, without a jury.

The plaintiffs to maintain their action, set forth in their complaint and offered in evidence two executory agreements, the first between the plaintiffs, John Wilson and Joseph Palmer, and the defendant, Peter Lassen.    The other is an alleged agreement between the plaintiffs and Lassen.    The first contract recites a partnership agreement for cultiva-ting certain lands, and an undertaking upon the part of Lassen to con-vey to John Wilson and Palmer two-thirds thereof, in order to carry

out the purposes of the partnership. Palmer never performed, or entered upon the performance of, any of the provisions of this agreement, but withdrew from the same after giving due notice to the other parties. The second contract refers to the conditions of the first and substitutes C. L. Wilson in the place of Palmer. Some time after this agreement had ceased to subsist, Lassen conveyed to Gerke, the defendant, his interest in the lands aforesaid. The complaint does not aver performance upon the part of the plaintiffs; and the evidence adduced tended to prove that plaintiffs had not performed their part of the contract.

The relief sought for was a cancellation of the deed from Lassen to Gerke, and an injunction restraining Gerke from selling the property conveyed by such deed. The Court found the facts as above stated and gave judgment for the defendants. The plaintiffs moved for a new trial, which the Court denied, and plaintiffs appealed.

*Elisha Cook* and *S. J. Field*, for Appellants.

The Court erred in refusing to grant a new trial. 1 Selden, 229. Story's Eq. Pl, §§ 805, 806, 807. Mitford's Pl., § 274–277. 3 Paige, 421. 1 Johns. Ch., 298. 2 Vesey, 437. 13 Ib., 118. 14 Ib., 426. 10 Johns , 374. 2 Johns. Ch., 155. 3 Ib., 345. 5 Ib., 29. 7 Watts, 261, 382. 1 Whart., 303. 1 Cow., 622. 6 Wend., 226. 3 Barb., ch. 52, 407. 10 Ib., 354. 2 J. J. Marsh, 180. 4 Sandf., ch. 594.

*John S. Hager* and *Jo. G. Baldwin*, for Respondents.

1. This being a bill in the nature of, or for, the specific performance of a contract, the complainant must aver and prove the performance of stipulations on his part. 2 Wheat., 336. 1 Rand., 408. 2 Wheat , 299. 2 Story's Eq Jurisp , §§ 736, 771.

2. The deed from Lassen to Gerke should not be set aside. Lassen had a valuable property in the estate mentioned in the agreement; he had the interest of a mortgagee. See 2 S. and M., 294. This interest he could sell and did sell. See 4 S. and M., 594; and Gerke is substituted to Lassen's rights.

3. The contract set up in the complaint is a partnership agreement, and the bill should have prayed a dissolution, an account, and a partition of the property.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The contract set up in the complaint is a contract of partnership, and the bill should have been for dissolution of the partnership, an account, and a partition of the property. As it is the bill seeks nothing which a Court of Equity can properly grant. It cannot cancel the deed from Lassen to Gerke, because even if all the allegations of the bill are true, Gerke is substituted to certain rights of Lassen, and entitled to have them ascertained, and secured. Nor would any such action by the Court have any other effect than to renew litigation by producing more suits, in order to settle and determine finally, the rights of all the parties. A Court of Equity will not permit litigation by piece-meal. The whole subject matter and all the parties should be before it, and their respective claims determined once and forever. I have reflected whether the case should be sent back with an order to amend the bill, and try the cause upon proper pleadings; but this would produce an entirely different case from the one here presented, and as this case is no bar to a proper action, such a course would only embarrass it with redundant, superfluous, and unnecessary matter; and also, Palmer ought to be a party to the suit ; it is the only proper and legal course to determine this suit on account of the total want of equity in the bill therefore to affirm the judgment of the Court below.

Judgment affirmed.