## JOHNSON v. JOHNSON.

In an action for a division of the common property after a divorce, where it appeared that the property in question had been in the possession of the husband, before marriage, without title, and that he purchased the property and obtained deeds therefor after marriage, the purchase money being paid with the common funds : *Held*, that it was common property : *Held*, further, that the defendant having purchased, with the common funds, from another, under deed of warranty, he is estopped to deny, as far as plaintiff is concerned, that he acquired a good title by the purchase.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

A statement of facts appears in the opinion of the Court.

*Crocker & Robinson* for Appellant.

Counsel discussed at considerable length, and cited many authorities to sustain the proposition, that the partition and division of the common property of husband and wife, in case of divorce, must be made in the divorce suit, and that a separate action cannot be maintained. But as the Court did not pass upon that point directly, the argument is not given.

*Second.* The defendant owned the property *before* the marriage, and therefore it is not common property.

The statute provides that " all property, both real and personal, *owned* by the husband before marriage, shall be his separate property." Wood's Dig. 487, art. 2605.

In this case the defendant *owned* the property *before* marriage. He had purchased it of a prior occupant, and had a deed of it, and was in possession, and had made valuable improvements on it. The purchases made of the McKees, as he avers, were merely to prevent litigation, and no title whatever was shown in them.

Conceding that this separate action will lie, this question becomes an important one. What is the nature of the title to real estate necessary to constitute a person an *" owner "* within the meaning of this statute, and of the words *" property acquired* after marriage," used in the succeding section of the same statute ? Must it be a clear, unincumbered title, in fee simple ? We contend that this is not neces-

sary ; that he becomes an " owner," or " *acquires* " the property by the purchase, or mere taking possession of the land. The possession of property is *prima facie* evidence of ownership. 2 Cal. Rep. 370 ; 4 Cal. Rep. 67, 70. All the decisions of this Court sustain this principle, so important to the welfare of this State.

Defendant being therefore the " owner," and having " acquired " this real estate before the marriage, it was his *separate*, and not the common property. He had a title, *prima facie* a good title; and even if it had been proved that some third person had a better title at that time, proof of that fact would not have transformed it from his separate into common property. It follows, therefore, that the real estate was not liable to be divided or partitioned between the parties.

*Third.* Her right, if any she has, is confined to one-half the money ($700) expended in procuring the deeds made during the marriage.

Under the second point we have shown that she could not hold any *estate* in the land itself; in other words, they were not *jointly seized* of these lots as common property, but the entire estate was vested in him as his separate property. But if the common property was used in paying off incumbrances, quieting adverse claims, or making improvements on the premises, then the question would arise, what are her rights in the matter ? We contend that these expenditures of money from the common property can give her no *estate* in the land itself, but will merely give her a right to be paid the one-half of the amount of the common property thus appropriated by him.

*Fourth.* It was error to merely decree a conveyance to plaintiff of the interest acquired under the McKee deeds.

The decree in this form does not finally determine the rights of the parties ; it does not put an end to the litigation, but only lays the foundation for another suit, to partition the property between the parties. The plaintiff brings her action for the express purpose of having the property divided. The defendant consents, if she has any rights, that that is the proper relief, not only for the plaintiff, but for the defendant. But the Court, by its decree, instead of dividing the property, merely decrees a conveyance. The *division* of the property is what both parties wish, and it is the appropriate relief. But under this

13

decree they will be compelled to litigate nearly the whole matter over again, to procure a division.

It is the duty of a Court of Equity, when all the parties to a controversy are before it, to adjust the rights of all, and leave nothing open for future litigation.   Ord *v.* McKee, 5 Cal. Rep. 515 ; Wilson *v.* Lanssen, 5 Cal. Rep. 114.

*C. Cole* for Respondent.

As to plaintiff's ownership.   He had no title whatever to any part of the property till he obtained the McKee deeds.   The so-called " deed " from Shaw was only a bill of sale of a mule and cart.   It contains no words of grant or conveyance, and is *not under seal.* It could therefore pass no interest in real estate.   Defendant succeeded Shaw in business, and to the possession of his shanty, which happened to be on one of the lots.

Another fact not to be overlooked is, that the instrument from Shaw was *not either acknowledged or recorded till long after the marriage!* The idea of converting it into a conveyance was an afterthought, but a failure.

But, say appellant's counsel, he was in possession of the property, or at least the part which Shaw occupied, and possession is *prima facie* evidence of ownership.

True ; but possession is *only prima facie* evidence of title, while the proof is *positive* in this case that he was not the owner before marriage, nor till some time afterwards, but that John McKee and John Henry McKee were the owners.

There is not a particle of proof that appellant ever even claimed to be the owner of any portion of the real estate before the marriage, and he admits that he was not the owner by seeking and purchasing the McKee titles.

The deeds from the McKees were not mere quitclaims, or deeds of *release*, taken to quiet title, as defendant now pretends ; but they were full deeds of bargain and sale, *with covenants* of *warranty.*

There is nothing in the evidence showing that those deeds were obtained simply to " prevent litigation ;" but, on the contrary, it appears that they were sought for the purpose of acquiring ownership,

which the appellant neither had, nor pretended to have, until he obtained them.

The appellant is *estopped* by purchasing the McKee warranty deeds from now denying the title thereby obtained; and hence the reason why the Court below ruled out all evidence to show a good title in the McKees.

It is a well established doctrine that " in an action for dower the grantee of the husband is estopped to deny that his grantor had title ;" and surely the reason is stronger for denying to the husband, in an action of this kind, the right to question the title of his grantor.

The case of Sales v. Smith, 12 Wend. 57, goes to a much greater length than is demanded in this.  It is there held that, " a party admitting the title to the land to be in another, and agreeing to purchase, is estopped from setting up title in himself under a deed which he had held for six years previous to such admission, and such estoppel extends to all claiming under him."

But the principle may be regarded as settled by this Court in the case of Ellis v. Jeans, 7 Cal. R. page 417.

" The fact that the plaintiff had purchased from Basye, and he from McDaniel, would estop the plaintiff, as between him and the Longs, from disputing the title of Baca to the land described in the deed to McDaniel, as the plaintiff was bound to know the contents of all the mesne conveyances through which he claimed.  The plaintiff could not, then, rely upon any title under land warrants, so far as they were located upon the land described in the deed to McDaniel."

See further, 1 Greenleaf's Evidence, sec. 25 ; 4 Greenl. R. 214 ; 9 Wend. 209 ; 12 J. R. 201 ; 4 Barb. 419 ; 10 Wend. 414 ; 1 Comst. 525 and 242 ; 7 Wheat. 535 and 547.

Appellant will be deemed to have been holding under the McKees, and having purchased the Sutter title from them, he cannot now dispute that title as against them.   But Mrs. Johnson claims under the McKee deeds, and is virtually their grantee.   Can he dispute their title when set up by one of the grantees ?

Her money, in equal proportions with his, was used to purchase that title, and the two are, in contemplation of our law, joint grantees, equal owners, tenants in common.

The covenants of warranty are still binding upon the McKees, and appellant cannot now say he got nothing by those deeds. He had nothing before, as is admitted; but he obtained a good title by them, as plaintiff offered to show on the trial.

If defendant could contest that title against others, he is estopped from denying it as against plaintiff, whose money was paid for it, and who is under our law to be deemed joint grantee with him. Her right to the premises is *a vested right.*

The appellant's third point. That Mrs. Johnson is only entitled to half the money that was paid for the land itself, is answered by the statute. (Wood's Dig., art. 2606.) "*All property* acquired after marriage by either husband or wife, except, &c., *shall be common property.*"

She is as much entitled to the increase in value and profits as he.

*Crocker & Robinson* in reply.

It is urged that the appellant, by taking warranty deeds from the McKees, is *estopped* from saying that the title was not in them, and cites authorities to sustain this position.

The rule of law is settled in some cases, that the *vendor* of land is estopped from denying that he had title at the date of his conveyance; and some cases have gone so far as to hold that in a suit by the vendor or those claiming under him, against the vendee, *who was let into possession* by the vendor, the latter cannot dispute the title by which he was let into possession, until he has delivered up such possession to the vendor.

But we think no case can be found holding that a party in possession of land and claiming title, as in this case, taking a deed from a third party, is estopped from saying that he acquired no title by that deed; but on the contrary, there are numerous authorities which fully sustain the opposite.

The grantee of a deed may deny the seizin or title of his grantor, even though there be covenant of warranty in the deed. 4 Barbour S. C. R. 180; 1 Comstock, 242; 3 Hill, 518; 7 Wheaton, 535; 4 Peters, 506; 5 Peters, 402; 16 Peters, 25; 3 Peters, 43; 2 A. K. Marshall, 27; 4 Littell, 274; 2 Metcalf, 32; 15 Mass. 495–499; 3 Bing. N. C. 69.

Johnson *v.* Johnson.

TERRY, C. J., delivered the opinion of the Court—FIELD, J., and BALDWIN, J., concurring.

This is an action for the partition of common property ; the marriage contract between the parties having been dissolved by decree of a competent Court.

It appears that at the time of the marriage, defendant was in possession of certain lots to which he had no title, his claim being based upon a paper not under seal, purporting to transfer a mule and dray, and an " interest in the possession of the lots." After the marriage, defendant purchased the lots, taking a deed with covenants of warranty, the purchase money being paid from common funds. The premises were occupied as a homestead until the dissolution of the marriage.

The defense set up is, that the lots are the separate property of the defendant, owned by him before marriage ; that the purchase of an adverse claim, which was a cloud upon his title, did not change the character of the property ; and that plaintiff was only entitled to claim the moiety of the money expended in the purchase of the outstanding title.

The Court below decreed the title purchased by the common fund to be common property, and directed defendant to convey to plaintiff one undivided one-half of the interest acquired by the purchase.

The objection to this decree is, that it does not finally determine the rights of the parties.

The Act defining the rights of husband and wife (Wood's Dig. 487) provides that " upon a dissolution of the marriage by the decree of any Court of competent jurisdiction, the common property shall be equally divided between the parties."

We think it clear, from the testimony, that the lots in question were common property ; defendant had no pretense of title before coverture, and having, with the common fund, purchased from another under a deed of warranty, he is estopped to deny, as far as plaintiff is concerned, that he acquired a good title by the purchase.

Judgment reversed and case remanded, with directions that the Court below proceed to make a division of the premises in question as the common property of the parties, and respondent recover cost.