SANDERS, appellant, *v.* FARWELL, respondent.

DISTRICT COURT—*jurisdiction.* The district courts of the Territory, created by congress, are not courts of the United States.

DISTRICT COURT—*equity—citizenship of parties.* The district courts of the Territory, exercising the jurisdiction of the circuit courts of the United States, have no jurisdiction of a suit in equity between citizens of the Territory.

DISTRICT COURT—*equity*—The district courts of the United States have no jurisdiction to determine equity causes.

JURISDICTION—*consent of parties.* The consent of parties cannot confer upon a court jurisdiction, which is not granted by law.

PRACTICE—*demurrer—waiver of service.* The filing of a general demurrer to a bill in equity is a waiver of any irregularity in the service of the subpœna.

*Appeal from the First District, Madison County.*

THE demurrer of Farwell to the bill of Sanders was sustained by the court, MURPHY, J., in April, 1872, and Sanders appealed. The facts are stated in the opinion.

E. W. TOOLE, for appellant.

The district courts have jurisdiction of the subject-matter. Respondent appeared by demurrer, and that gave the court jurisdiction of his person.

If the process was improper, it will be set aside or quashed, and new and proper process could be invoked. If the service was by the wrong officer, the writ could have been served by the proper officer thereafter, and a motion limited to setting aside the service would have been proper. But neither defects in the writ, or its service, can be raised by demurrer, for a demurrer is an answer in law to the bill.

The bill of complaint was proper, the process was regular, the service was by the proper officer, and the jurisdiction was complete. Rules U. S. Sup. Ct. in Eq. 7, 15, 96; Organic Act, § 9; *Orchard* v. *Hughes,* 1 Wall. (U. S.) 76; *Dunphy* v. *Kleinschmidt,* 11 id. 610.

H. N. BLAKE, for respondent.

The district court, sitting as a district court of the United States, has no jurisdiction of this case. The two jurisdictions are distinct, and must be kept separate. In certain cases, the legislative assembly has conferred jurisdiction on these courts; in other cases, congress has regulated the jurisdiction. If congress has not given the district courts of the United States jurisdiction in this action, the court below properly sustained the demurrer. Section 9 of the "Judiciary Act," 1 U. S. Stat. 73, and other acts, regulate this jurisdiction. With the exception of the act of May 15, 1820, 3 U. S. Stat. 592, the district court of the United States has no equity jurisdiction. This exception is inapplicable to this case. Conkling's Treatise (5th ed.), 263, § 4; *Parker* v. *Judges,* 12 Wheat. 561; 1 Abb. U. S. Prac. 243, 288; *Stacy* v. *Abbott,* 1 Law Times, 84.

The circuit courts of the United States possess jurisdiction of suits of a civil nature in equity. Appellant did not commence his action in this court. He could not do so, because he is a citizen of Montana Territory. A citizen of a Territory cannot maintain a suit in the circuit court of the United States. *New Orleans* v. *Winter*, 1 Wheat. 91; 1 U. S. Stat. 73, § 11.

The jurisdiction of this action is in the district court, created by the organic act. Acts 1865, tit. 18.

The rules of the supreme court of the United States relate to the practice in the circuit court, in which appellant cannot sue. They do not apply to this case. *Clinton* v. *Englebrecht*, 13 Wall. 434.

Respondent did not make a general appearance by demurrer. An appearance, for the purpose of denying the jurisdiction of the court, could not be held to be an admission of the jurisdiction. The defect is not thereby waived. *Wheeler* v. *Lampman*, 14 Johns. 481; *Malcolm* v. *Rodgers*, 1 Cow. 1; *Williams* v. *Keller*, 6 Nev. 145.

KNOWLES, J. It appears by the bill of exceptions presented in this case, that the appellant filed his bill for the foreclosure of a vendor's lien "in the office of the clerk of the district court of the United States in and for the first judicial district of the Territory of Montana." That afterward, in pursuance of the prayer of the bill, a writ of subpœna, issued out of said court, directed to the respondent, Don C. Farwell, commanding him to personally appear before the judge of the district court of the United States of America for the first judicial district of the Territory of Montana, within ten days to answer a bill of complaint exhibited against him in said court. This subpœna was duly served and returned by the United States marshal for Montana Territory. The respondent appeared in this action and demurred to the bill on the two following grounds:

"First. That said court hath not jurisdiction of the person of the defendant.

"Second. That the said court hath not jurisdiction of the subject of the action."

In the first place there are no such courts in Montana Territory as "the district court of the United States in and for the first judicial district of the Territory of Montana." The district courts for the Territory have conferred upon them the same jurisdiction by our organic act as is exercised by the circuit and district courts of the United States. Yet this does not make them courts entitled to that appellation.

In the case of *Peter Clinton et al.* v. *Paul Englebrecht et al.*, the supreme court of the United States says: "The judges of the supreme courts of the Territory are appointed by the president under the act of congress, but this does not make the courts they are authorized to hold courts of the United States. This was decided long since in the *American Insurance Company* v. *Carter*, 1 Pet. 546, and in the later case of *Benner* v. *Porter*, 9 How. 235. There is nothing in the constitution which would prevent congress from conferring the jurisdiction which they exercise if the judges were elected by the people of the Territory and commissioned by the governor. They might be clothed by the same authority to decide all cases arising under the constitution and laws of the United States subject to the same revision."

Again: "There is no supreme court of the United States, in the sense of the constitution, in the Territory of Utah."

This decision no longer leaves it an open question as to whether this bill was addressed to any court having an existence in this Territory. In the next place, allowing that the intention of the appellant was to appeal to the jurisdiction conferred upon the district courts of the Territory coinciding with that exercised by the district and circuit courts of the United States, the question presented is, was the demurrer well taken?

It will be seen by reference to Brightley's Digest, 126–130, that the circuit court of the United States has jurisdiction "of all suits of a civil nature at common law or in equity, when the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs or petitioners, or an alien is a

party, or the suit is between a citizen of the State where the suit is brought and a citizen of another State."

Also, that it has jurisdiction of certain cases in law or equity arising under the revenue laws of the United States. The bill shows upon its face that both appellant and respondent are citizens of Montana Territory, and the action is to procure a vendor's lien. This shows conclusively that the district court, exercising the jurisdiction of the circuit court of the United States, would have no jurisdiction of the action. It does not come within the enumerated class of actions over which that court, by law, is authorized to exercise jurisdiction.

By a reference to pages 230, 231 of Brightley's Digest, it will be seen what jurisdiction congress has conferred upon the district courts of the United States. The power to determine actions in equity is not conferred. Neither the circuit or district courts of the United States have any jurisdiction but what is conferred upon them by congress. This is an action in equity. The appearance of the defendant did not confer jurisdiction upon the court. The right to determine the action presented in the bill, if not conferred by law, could not be conferred upon the court by consent of parties. Hence, we hold that the demurrer was well taken, and the ruling of the court below should be sustained. If this could be treated as an action in the district court for the Territory, exercising its powers as a territorial court, there is no doubt but that the appearance of the defendant in the action and the filing of a general demurrer to the bill would be a waiver of the irregularity of the service of the subpœna by the United States marshal. We do not think, however, that this should be so treated. The court in which the bill purports to be filed, the prayer for a subpœna and the service of the same by the United States marshal for the Territory, precluded the idea that there was any intention, on the part of the appellant, to commence his action in this court, and appeal to what is commonly termed its territorial jurisdiction.

For these reasons the judgment of the court below is

*Affirmed.*