McKIERNAN, appellant, *v.* KING, respondent.

APPEARANCE BY DEMURRER.   This action was commenced in the district court of the Territory, and the respondents filed a general demurrer to the complaint of the appellant.  *Held,* that the court thereby acquired jurisdiction of the parties.

JURISDICTION OF BANKRUPTCY MATTERS.   The act of congress, establishing a uniform system of bankruptcy throughout the United States, approved March 2, 1867, does not confer upon the district and circuit courts of the United States exclusive jurisdiction in all proceedings in bankruptcy.

SAME — *suit by assignee.*   The district courts of the Territory have jurisdiction to hear and determine actions brought by the assignee of a bankrupt to recover the possession or value of property, from one who has received the same in violation of said act.

*Appeal from Third District, Lewis and Clarke County.*

WADE, J., sustained the demurrer of King *et al.* to the complaint.

W. F. Sanders, for appellant.
No brief on file.

Chumasero & Chadwick, for respondents.

The court below did not have jurisdiction of this case.

The district courts of the United States are constituted courts of bankruptcy, and have exclusive jurisdiction of proceedings in bankruptcy. U. S. Bankrupt Act, § 1. The supreme courts of Territories have had the same jurisdiction conferred upon them. Bankrupt Act, § 49.

The rights of appellant, as assignee of the bankrupt, are derived from the same act, § 14; Bump's Bank. (5th ed.), 323–4, and cases there cited. This case arises under the act, and must be determined in the court therein named. This action was commenced in the supreme court before the act was passed which confers jurisdiction upon the district court. No retroactive effect was given to the amendment, and the case could not be changed from one court to the other, a new tribunal. The supreme court did not lose jurisdiction.

This is not a mere civil remedy, which is sought to be enforced against respondents, but a penalty for receiving payment of a just debt due them from a bankrupt within six months from the filing of the petition for the adjudication of bankruptcy. Great force should be given to the objection that the amendment is not only retrospective but *ex post facto*. The constitutional provision in regard to *ex post facto* laws is applicable to this case.

Knowles, J. The point presented to the court for determination in this action is the jurisdiction of the district courts of this Territory to hear and determine actions brought by an assignee in bankruptcy to recover the value of goods, which were transferred, and for money which had been paid to respondents in violation of the provisions of the 35th section of the bankrupt act of the United States, approved March 2, 1867.

The complaint sets forth facts which show that one Cuthbert had been adjudged a bankrupt, that the appellant had been appointed assignee of his estate, and had qualified as such, and that the register in bankruptcy had duly conveyed to him the

estate of the said bankrupt; that goods, specified in the complaint, to the amount of over $5,000, had been transferred to the respondents and a payment of some $790 paid to them, and that both this transfer and payment had been made in violation of the provisions of section 35 of the said bankrupt act.

To this complaint the defendants interposed their demurrer, specifying, as their first ground thereof, that the court had no jurisdiction of the subject-matter, or of the defendants therein sued. Two other grounds of demurrer were specified, but these I will not consider, because they were not presented to the court either in the argument of the attorneys or in their briefs. The ground that the court had no jurisdiction of the parties cannot be well taken. Their general appearance in the action would give the court that, and there is nothing in the record presented to this court to show that the court below had not acquired jurisdiction otherwise. The district courts of this Territory possess general, original jurisdiction, and all the presumptions are in favor of the regularity of their proceedings. As to the other point, that the district court did not have jurisdiction of the subject-matter of the action, there may, perhaps, be more difficulty. The plaintiff is an assignee in bankruptcy, and receives his authority to act in any matter in reference to the trust reposed in him by virtue of the said bankrupt act. He receives, as assignee, the right to the possession of the bankrupt's estate by virtue of the conveyance made to him in accordance with the provisions of section 14 of said act. Section 35 does not vest in the assignee the title or the right to the possession of any of the bankrupt's effects, but the said conveyance is provided for in section 14.

The rule established by section 35, prohibiting the sale and transfer of the property of the bankrupt under certain conditions, or any payment to be made by him under the conditions prescribed, is of the same character as the statute of frauds. Both statutes make void contracts made under certain conditions. It seems to be conceded by the attorneys for the respondents that an assignee in bankruptcy can maintain a suit in a State or Territorial court for any property conveyed to him by the register, save property that had been transferred in violation of the provisions of section 35. Why this property should be vested with

any different character by virtue of that section, I am unable to perceive. It may be that the district and circuit, courts of the United States have jurisdiction to hear and determine this cause. But does that preclude a State or Territorial court from having jurisdiction of it? The grant of jurisdiction to the circuit and district courts of the United States to hear and determine suits at law or in equity, where there is a dispute as to title to property, is made in the third clause of section 2 of the bankrupt act. This is an action at law of that character. The first section, it has been decided, does not grant such jurisdiction. Bump's Bankruptcy, 270, 271.

It has been repeatedly held that State courts, in the exercise of their ordinary original jurisdiction, may take cognizance of causes arising under the laws and constitution of the United States, unless the jurisdiction thereof has been exclusively vested in the United States courts. This jurisdiction of the State courts has been termed concurrent with the Federal courts. 1 Kent's Com. 426–434; *Teal* v. *Felton*, 1 N. Y. 537.

The question is now presented, does the bankrupt act vest the jurisdiction to hear and determine a suit, instituted by an assignee in bankruptcy to recover the possession or value of property from a party who had received it in violation of the provisions of the said section 35 of the bankrupt act, exclusively in the Federal courts? Section 35 provides that the assignee may recover the property or the value of it, which had been conveyed in violation of the provisions of that section, but it does not specify in what court actions for this purpose may be brought. Nor is there any other provision of this act which provides in what court such actions shall be instituted. The grant of jurisdiction to the circuit and district courts does not of itself give exclusive jurisdiction.

The district and circuit courts have jurisdiction to hear causes where persons are residents of different States. This, however, does not preclude a resident of another State from bringing an action in a State court where the defendant resides.

In Bump's Bankruptcy, 267, I find the following: " An assignee, under the bankrupt law of the United States, may sue in his own name in the State courts to enforce the rights vested

in him by the assignment in bankruptcy, and the courts of the United States have not exclusive jurisdiction of such actions."

Upon principle, it could not well be otherwise than that the assignee should have the right to bring such action in any court having the jurisdiction to hear such class of actions.* The provision of section 35 of the bankrupt act is that the assignee may bring an action to recover the possession of the property conveyed or transferred in violation of its provisions, or for its value; that is, he may maintain an action in the nature of ejectment, replevin or trover for it.

Any court of general common-law jurisdiction would, unless divested of it by some statute, have jurisdiction of such actions, and the power to hear some of such actions might be conferred upon courts of inferior jurisdiction.   The first clause of section 14 contains this:

"That as soon as said assignee is appointed and qualified, the judge or, where there is no opposing interest, the register, shall, by an instrument under his hand, assign and convey to the assignee all the estate, real and personal, of the bankrupt, with all his deeds, books and papers relating thereto, and such assignment shall relate back to the commencement of said proceedings in *bankruptcy, and thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee.*"

As we have seen before, the property of the bankrupt specified in section 35, as well as all other property or effects of the bankrupt, passes to the assignee by virtue of the above specified conveyance.   And the law which authorizes this conveyance and vests this title in the assignee, upon this subject, is the paramount law of the land.   Every court of any State or Territory in this Union, in the administration of law, is bound by it.   An assignee

---

* NOTE. — The main question in this case has been considered by many courts, and the doctrine stated in the opinion has been sustained by the weight of authority in the latest decisions.   In addition to the cases cited in Bump's Bankr. (8th ed.) 324, 325, see *Dambmann* v. *White*, 48 Cal.452 ; *Otis* v. *Hadley*, 112 Mass. 105, and cases there cited ; *Eyster* v. *Gaff*, 2 Col. 228, affirmed by the supreme court of the United States, 91 S. C. 521 ; *Goodrich* v. *Wilson*, 119 Mass. 429, and cases there cited ; *Burbank* v. *Bigelow*, 92 S. C. 182.   In the last case the court approves *Eyster* v. *Gaff*, *supra*, which held "that the bankrupt law has not deprived the State courts of jurisdiction over suits brought to decide rights of property between the bankrupt (or his assignee) and third persons."—REP.

then comes into a State or Territorial court to recover the possession of property, saying : I have the title to the same; the defendant has the possession thereof and refuses to deliver the same to me, though demand thereof has been made.   It is not possible that these courts can say to the assignee, because you received your title by virtue of a United States statute, we cannot hear your cause. It should make no difference from whence his title comes.  If he has the legal title, that should be sufficient, and, as we have seen, these courts must recognize this title.   The title, which is vested in the assignee in bankruptcy, would be recognized by the courts of England.   Mr. Story, in the Conflict of Laws, says, in § 420 : "It is obvious, that the great question involved in this case was, whether an assignment, under a foreign bankrupt law, operates as a transfer of personal property in this country.   It matters not in respect to the bankrupt himself, or others claiming under him, not being creditors or purchasers, whether it operates as a legal or as an equitable transfer.   In either way, it will divest him of his beneficial interest.   Upon this point, it is impossible not to feel that the general current of American authority is in perfect coincidence with that of England, in favor of the title of the assignees. In most of the cases in which assignments under foreign bankrupt laws have been denied to give a title against attaching creditors, it has been distinctly admitted that the assignees might maintain suits in our courts under such assignments for the property of the bankrupt.   This is avowed in the most unequivocal manner in the leading cases in Pennsylvania and New York, already cited, and it is silently admitted in those in Massachusetts."

It would present a peculiar incident in jurisprudence if it should be held that an assignee in bankruptcy might bring a suit in the courts of England to recover the possession of a bankrupt's property, and yet could not have the power in our State or Territorial courts; or if it should be held, as it has in some States already been held, as we have seen, that an assignee in bankruptcy in England could sue in our State and Territorial courts, but that an assignee under the bankrupt act of the United States could not.   It may also be remarked that section 35, being in the nature of a statute of frauds, if property was conveyed in this country in violation of its provisions, and transferred to England, the

courts of that country would take notice of it as being the law of the place where the contract was made.

For these reasons, I hold that an assignee may bring an action in our Territorial district courts, appealing to its ordinary jurisdiction for the possession of property conveyed to him, and that said courts will have jurisdiction to hear and determine the same. The judgment of the court below is reversed.

*Judgment reversed.*