No. 12215. In Bank. — December 31, 1888.]

## JUDSON WHEELER ET AL., RESPONDENTS, *v.* GEORGE WEST ET AL., APPELLANTS.

PLEADING — ANSWER — AMENDMENT — CHANGE OF NATURE OF ACTION — MOTION TO STRIKE OUT. — An amendment changing the nature of the action cannot be objected to by way of answer setting up such change as a defense, and such answer may be stricken out as irrelevant. A defendant cannot answer a complaint by allegation that it has been improperly filed. The question must be raised, if opportunity is offered, by objection to the filing of the amendment, or by motion to strike the amended pleading from the files.

ID. — ANSWER OF ONE DEFENDANT FOR ANOTHER — MOTION TO STRIKE OUT. — One defendant cannot answer for another who does not join in the answer; and an allegation in the answer of one defendant that a co-defendant is working the mine in controversy as an employee may be stricken out as surplusage.

ID. — CONTRACT FOR MINING — INJUNCTION — COUNTERCLAIM OF DAMAGES — MOTION TO STRIKE OUT. — In an action in which a preliminary injunction against the working of a mine has been granted, and the answer pleads a verbal contract authorizing the defendants to work the mine, an allegation that the defendants have been prevented by the injunction from working the mine, and have been damaged thereby in a sum specified, may be stricken out on motion. Such matter is only proper to be alleged in an action upon the injunction bond.

ID. — VERBAL LICENSE TO MINE — REVOCATION — LANDLORD AND TENANT — INJUNCTION — DEFENSE. — A verbal license to mine for an indefinite time may be revoked at the will of the licensors. Such a license does not create the relation of landlord and tenant; and constitutes no defense to an action by the licensor to enjoin the licensee from working the mine.

ID. — DEMURRER — INSUFFICIENCY OF ANSWER. — An answer setting up no sufficient defense to the action, and containing denials of conclusions of law and immaterial denials, is bad on demurrer.

APPEAL from a judgment of the Superior Court of Placer County.

The facts are stated in the opinion of the court.

*Hale & Craig,* and *John M. Fulweiler,* for Appellants.

*F. P. Tuttle,* for Respondents.

WORKS, J. — Action to enjoin the defendants from entering upon and digging up gold-bearing gravel and

bed-rock on a mining claim of plaintiffs, and taking the gold therefrom.

This is the second appeal. On the former appeal it was held that the answer of the defendants admitting the acts complained of, and attempting to justify under a verbal contract, was insufficient, for the reason that the contract relied upon was not pleaded either *in hæc verba* or according to its legal effect, and the cause was reversed for error of the court below in permitting the defendants to make proof of a contract not properly pleaded. (*Wheeler* v. *West*, 71 Cal. 126.)

Upon a return of the case to the court below, the defendants filed an amended answer to the plaintiffs' amended complaint, in which it was stated that the original complaint alleged for cause of action that the defendants had taken possession of the mining claim under a contract by which they were to restore the same to plaintiffs at plaintiffs' option; that plaintiffs had notified defendants to surrender possession, which they had refused to do; that the prayer of said original complaint was for the possession of the property; that without the consent of defendants the amended complaint for injunction was filed, thereby changing the form of action from ejectment to injunction, and that no summons was issued on the amended complaint.

There was a motion to strike out the foregoing part of the answer, on the ground that the same was irrelevant and redundant. The motion was sustained, and this is assigned as error.

Counsel contend that the matter referred to was not irrelevant, for the reason that the amended complaint wholly changed the cause of action, and was such an amendment as the court should not have allowed, and cite *Ramirez* v. *Murray*, 5 Cal. 222; *Wilson* v. *Lassen*, 5 Cal. 114; *Hackett* v. *Bank of California*, 57 Cal. 335. The cases cited seem to support the appellants' position as to the right of the court to permit such an amendment as

was made here, but we are of the opinion that the question is not properly presented for our consideration.    A defendant certainly cannot answer a complaint by an allegation that it has been improperly filed.    The question attempted to be raised by answer should have been presented by an objection to the filing of the amendment, if opportunity was offered, or by a motion to strike the amended pleading from the files.    (*Ramirez* v. *Murray*, *supra.*)

In the answer it was immaterial and surplusage, and was properly stricken out.

The answer also set up a verbal contract authorizing defendants to enter upon and extract ore from the mining claim, and in connection therewith alleged that defendants, by the preliminary injunction, had been prevented from working the mine, and were damaged thereby in the sum of ten thousand dollars.    The appellants complain that this latter allegation was also stricken out on motion.    These matters might have been proper in an action on the injunction bond, but we cannot see their materiality in this action.    The motion was properly sustained.

The court also struck out an allegation that the defendant James West worked in the mine as the employee of the other defendants.    This action of the court was proper, for the reason that James West did not join in the answer, and the other defendants could not answer for him.    An allegation in their answer attempting to justify the act of some one else was surplusage.

The only matter left in the answer after the above allegations were stricken out was the verbal agreement set up, and under which it was alleged the defendants lawfully took possession of the mining claim, or a part of it, and were entitled to continue in possession.

We have endeavored to separate the material allegations of the answer from a mass of irrelevant matter, and find that it sets up a verbal license from the plain-

tiffs which authorized the defendants to enter upon and work the mine, at the option of the plaintiffs,—a mere license and not a lease of the real estate itself. The contract pleaded does not materially differ from the one found by the court on the first trial, and on the former appeal it was held that such contract did not create the relation of landlord and tenant between the parties, but was a mere license which protected them from a charge of trespass while in force, and was liable to revocation at the will of the licensors. ( *Wheeler* v. *West, supra.*)

It is not alleged that the right to work the mine was given for any definite length of time, nor is the allegation in the complaint that the defendants were notified to desist from the work and surrender possession of the mine denied.

The court sustained a demurrer to the answer, and judgment was rendered against the defendants. The answer was clearly insufficient, for the reasons above stated, and the demurrer thereto was properly sustained.

It is true, the answer contains some denials, but some of them are denials of mere conclusions, and the others do not, alone, or in connection with the affirmative matters pleaded, constitute a defense to the action.

Judgment affirmed.

THORNTON, J., SEARLS, C. J., and SHARPSTEIN, J., concurred.