STATE EX REL. BINGHAM, RELATRIX, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 6,173.)

(Submitted June 10, 1927.   Decided July 16, 1927.)

[257 Pac. 1014.]

*Supervisory Control — Jurisdiction Over Person — Challenge
must be by Special Appearance—Waiver of Objection—De-
murrer Constitutes General Appearance — Reservation in
Demurrer Noneffectual.*

District Courts—Challenge of Jurisdiction Over Person of Defendant
Waived Unless Party Appears Specially for That Purpose Only.
1. An objection that the presiding judge had no authority to
make an order permitting a supplemental complaint to be filed,
outside the county in which the action was tried and without notice
to defendant challenges the jurisdiction of the court over the per-
son of defendant and is waived unless the objecting party appears
specially for the purpose of urging it.

Same—Jurisdiction Over Person—Special Appearance Extends Time for
Appearance on Merits Until Motion Challenging Jurisdiction Deter-
mined.
2. The filing of a motion challenging the jurisdiction of the court
to make an order permitting a supplemental complaint to be filed
without notice, constituted a special appearance only and ex-
tended defendant's time for making appearance on the merits
until the motion was determined, under section 9322, Revised
Codes 1921.

Same—Demurrer Constitutes General Appearance and Operates as
Waiver of Objection to Jurisdiction Over Person of Demurrant.
3. The filing of a demurrer constitutes a general appearance,
vesting the court with jurisdiction over the person of the de-
murrant, and operates as a waiver of any objection to such juris-
diction.

Appearances—Demurrer Waives Objection to Complaint Attackable
Only by Motion Though Notice of Motion to Strike Pleading Filed
at Same Time.
4. Where defendant appeared generally by filing a demurrer to
a supplemental complaint, he waived his objection to any defects
in the pleading attackable only by motion though at the same
time he filed notice of motion to strike it from the files.

Same—Reservation in Demurrer of Right to Rely on Motion to Strike
Pleading Attacked Ineffectual for Any Purpose—Waiver.
5. *Held,* on application for writ of supervisory control, that where
defendant instead of withholding his demurrer to a supplemental

1.   See 2 R. C. L. 327.
3.   See 2 R. C. L. 328.
5.   See 27 R. C. L. 904.
   80 Mont.—7

complaint until after his motion to strike it from the files for lack of jurisdiction to make the order permitting it to be filed had been determined, filed it at the same time he filed notice of motion to strike, he will be deemed to have waived the alleged defect, even though in the demurrer he attempted expressly to reserve his right to rely upon his motion to strike, such reservation being ineffectual for any purpose.

[1]    Appearances, 4 **C. J.**, sec. 53, p. 1359, n. 96.
[2]    Appearances, 4 **C. J.**, sec. 32, p. 1341, n. 10; sec. 67, p. 1368, n. 87.
[3]    Appearances, 4 **C. J.**, sec. 29, p. 1337, n. 64; sec. 41, p. 1350, n. 26.
[4]    Appearances, 4 **C. J.**, sec. 58, p. 1362, n. 45.    Pleading, 31 **Cyc.**, p. 725, n. 16.
[5]    Estoppel, 21 **C. J.**, sec. 118, p. 1116, n. 63.    Pleading, 31 **Cyc.**, p. 462, n. 84 New, p. 725, n. 13.    Waiver, 40 **Cyc.**, p. 252, n. 44, p. 261 n. 13.

Original application by the State on the relation of Minnie H. Bingham, for a writ of supervisory control directed to the District Court of the Fourteenth Judicial District in and for the County of Meagher, and A. J. Horsky, Judge presiding. Proceeding dismissed.

*Mr. Frank W. Mettler,* for Relatrix, submitted an original and a reply brief and argued the cause orally.

*Mr. C. A. Spaulding,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Original application for writ of supervisory control by the state on relation of Minnie H. Bingham against the district court of the fourteenth judicial district in and for Meagher county, and A. J. Horsky, Judge presiding. Demurrer to petition sustained and proceeding dismissed.

The petition of Minnie H. Bingham, relatrix, recites that in March, 1927, an action was pending in the district court of Meagher county in which she, as one of the defendants, had filed a separate answer to which the plaintiff had demurred and had noticed a motion to strike a portion thereof; that the

local judge had been disqualified, and Judge Horsky, of the first judicial district, had been called in and had assumed jurisdiction of the action.   It is then shown by the petition that on March 17, 1927, Judge Horsky, at chambers in the first judicial district and on the ex parte application of plaintiff, made an order granting the plaintiff leave to file an amended and supplemental complaint in the action, and that, pursuant to the order, such pleading was filed and served upon counsel for relatrix, whereupon counsel served and filed a notice of motion to strike the amended and supplemental complaint from the files, and at the same time filed and served a demurrer thereto.   It further appears from the petition that the motion to strike was argued before Judge Horsky at Helena and by him overruled, and that the demurrer was set down for hearing at White Sulphur Springs, the county seat of Meagher county, on the thirty-first day of May, 1927, on which day relatrix filed her petition and made application to this court for a writ of supervisory control.   On the showing made an order was issued and served upon Judge Horsky requiring him to appear before this court on June 10, 1927, and show cause, if any he had, why his orders made in the premises at Helena should not be vacated and the amended and supplemental complaint stricken from the files.   On the return day the judge appeared by counsel and demurred to the petition and, at the appointed time, the matter was argued and submitted.   The demurrer to the petition presents the sole question of the effect of the demurrer of relatrix, to the amended and supplemental complaint.

1. The objection that the presiding judge had no authority [1]  to make the orders complained of outside of the county in which the action was pending and without notice to the defendants, like an objection to a defective service of summons, challenges the jurisdiction of the court over the person of the defendant, may be waived, and is saved only by appearing specially for the purpose of urging it.   (*Shilling* v. *Reagan,*

19 Mont. 508, 48 Pac. 1109; *Hinderager* v. *MacGinniss,* 61 Mont. 312, 202 Pac. 200.)

2. The filing of her motion challenging the jurisdiction of [2] the court to make the orders complained of constituted a special appearance only and extended the time for making her appearance on the merits until the motion was determined (sec. 9322, Rev. Codes 1921; *Missoula Belt Ry. Co.* v. *Smith,* 58 Mont. 432, 193 Pac. 529), and having so appeared, counsel was required to do nothing further until the court ruled upon his motion except to "keep out of court for all other purposes" (*Hinderager* v. *MacGinniss,* above; *Gravelin* v. *Porier,* 77 Mont. 260, 250 Pac. 823).

3. The filing of a demurrer constitutes a general appearance, [3] vesting the court with jurisdiction over the person of the demurrant (*McKiernan* v. *King,* 2 Mont. 72; *Butte Butchering Co.* v. *Clark,* 19 Mont. 306, 48 Pac. 303), and operates as a waiver of the objection to such jurisdiction (*Sanders* v. *Farwell,* 1 Mont. 599; *Collier* v. *Erwin,* 3 Mont. 142; *Smith* v. *Franklin Fire Ins. Co.,* 61 Mont. 441, 202 Pac. 751; *Hinderager* v. *MacGinniss,* above).

4. When counsel appeared generally for his client, though [4] he was not required at the time to do so, he waived her objection to any defects in the pleading attackable only by motion (31 Cyc. 725), in spite of the fact that he filed her notice of motion at the same time.

5. Counsel, however, contends that he saved himself by [5] stating in the demurrer filed that he expressly reserved the right to rely upon his motion to strike and thereby demonstrated that he did not intend to waive the objection.

It may be that, to say that a party "waives" such objections by any act constituting a general appearance is not a technically accurate statement, as a "waiver" is "the intentional relinquishment of a known right" (27 R. C. L. 904), and to constitute a waiver of a right there must have been an intention to waive (*In re Estate of Nix,* 66 Mont. 559, 213 Pac. 1089),

but the statutes and the authorities declare that by taking certain action in a cause a party is "deemed" to have waived, not the right to object to defects in pleadings or service, but the defects; it might be more accurate to say that the party is, by this act, barred from thereafter raising an objection to such defects, but the result is the same and the law on the question is well settled.   The law declares that, by his act, a party is "deemed" to have waived the defects and the so-called waiver depends, not on the intention of the party, but upon his actions.   Thus in *State ex rel. Mackey* v. *District Court,* 40 Mont. 359, 135 Am. St. Rep. 622, 106 Pac. 1098, it was held that where an attorney appeared specially for the purpose of making a motion akin to that in the case at bar, stating that he was authorized only to appear specially, but asked the court to grant additional time to the defendant within which to answer, he had made a general appearance which could not be limited in its scope by his statement to the contrary.

In *Gravelin* v. *Porier,* above, counsel appeared specially for the purpose of moving to quash service of process, but requested the judge of department No. 1 of the district court of Silver Bow county to transfer the cause for hearing on the motion to department No. 2; in spite of his manifest intention to appear only specially, it was held that he had made a general appearance which precluded him from thereafter raising the question of the court's jurisdiction over the persons of his clients.

In short, the rule is that counsel cannot asseverate and reprobate in the same breath; he cannot acknowledge that the cause is in court for certain purposes and at the same time assert that the court is without jurisdiction to proceed in the cause in any manner.   In the situation in which counsel found himself in March, he was at a juncture of the main highway and a byway; he could not travel both, but was compelled to choose which way he would go; having chosen the highway

leading to a final determination of the action, he was barred from entering also upon the byway or thereafter returning to it. Counsel should have withheld his demurrer until after his motion to strike was overruled; he would thus have saved his objections for presentation to this court on appeal in the event judgment was finally entered against his client. (*Black* v. *Clendenin,* 3 Mont. 44; *Harkness* v. *Hyde,* 96 U. S. 476, 25 L. Ed. 237, see, also, Rose's U. S. Notes.) The attempted reservation in the demurrer was ineffectual for any purpose.

The demurrer to the petition is sustained and the proceeding dismissed.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.