COOKE, APPELLANT, *v.* MYERS, RESPONDENT.

(No. 6,555.)

(Submitted January 7, 1930. Decided January 18, 1930.)

[283 Pac. 1114.]

424

*Mr. Rock D. Frederick,* for Appellant.

No appearance in behalf of Respondent.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff, C. C. Cooke, has appealed from a judgment awarded him against the defendant, W. A. Myers, on the

ground that the court erroneously failed to include therein an award on one cause of action set up in his complaint.

The judgment was rendered on appeal from a justice court. The original complaint in the justice court stated two causes of action: The first, for $109.96 on an open account as of date July 15, 1923; the second, for $19.95 on an assigned account contracted in 1921. Thereafter plaintiff filed, in the justice court, an amended complaint, stating his first cause of action on a justice court judgment for $127.90, given and made December 9, 1921, no part of which has been paid.

By answer, defendant admitted the allegations as to the first cause of action, but pleaded "in bar" that, by amendment, the cause of action had been changed; he admitted the allegations of the second cause of action, but alleged that the statute of limitations had run against the claim. On the trial defendant withdrew the plea of the statute of limitations and confessed judgment on the second cause of action.

As to the first cause of action it was agreed that the judgment pleaded was rendered on the account set up in the original complaint and that the only question presented was as to the effect of the plea in bar; this question was argued and taken under advisement, and thereafter judgment was rendered reciting that, "after due deliberation thereon, the court orders that judgment be entered herein for the plaintiff," but the judgment entered is for $31.79 and costs. It is clear that this amount covers only the claim on the second cause of action, with interest for something more than seven years.

While courts are liberal in the allowance of amendments under the Codes, it is an almost invariable rule that no new cause of action can be introduced in the case by amendment (21 R. C. L. 580); an "amendment" presupposes a change in something existing, not a substitution of something else for that which has been stated. However, if the filing of the amended complaint was improper, defendant should not have answered it.

On the filing of an amended complaint the original becomes *functus. officio;* so long as it remains in the files, the amended complaint is the only pleading to be considered.

The function of an answer is to meet the case made by the complaint which is answered. Since an answer, to be good, must overcome the case made by the complaint, it follows that, if the facts in the complaint are admitted, the answer must state other facts sufficient, if true, to defeat the action stated in the complaint answered. (*Gillette* v. *Bullard,* 20 Wall. (U. S.) 571, 22 L. Ed. 387.)

A "bar," in a legal sense, is a plea of a defendant sufficient to destroy the plaintiff's action. (*Norton* v. *Winter,* 1 Or. 47, 62 Am. Dec. 297.) Such pleas reach such matters as that plaintiff is not the real party in interest, former recovery, promise to forbear to sue, strikes, inevitable accident or the act of God, and the like (22 R. C. L. 546), and can apply only to the action stated in the complaint to which they are directed. The plea here interposed cannot reach the alleged improper action here complained of; the only method of determining whether an amended pleading has been improperly filed is by motion to strike. (21 Cal. Jur. 223.)

Assuming for the purpose of this decision, but not deciding, that the amended complaint stated an entirely new cause of action, plaintiff's act was, in effect, a discontinuance of his former action and the beginning of a new action. This method of procedure was irregular, but, by answering the amended complaint, the defendant waived the irregularity; if he did not wish to consent to a trial of this new cause of action, he should have moved to strike the amended complaint from the files on the ground that it was not, in fact, an amended complaint, but the statement of a new action. (*Wheeler* v. *West,* 78 Cal. 95, 20 Pac. 45, 46; see, also, *State ex rel. Bingham* v. *District Court,* 80 Mont. 97, 257 Pac. 1014.) As stated in *Wheeler* v. *West,* above, "a defendant certainly cannot answer a complaint by an allegation that it has been improperly filed."

The judgment is reversed and the cause remanded to the district court of Flathead county, with direction to enter judgment in favor of plaintiff for the full amount claimed in his complaint.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.