PARAMOUNT PUBLIX CORPORATION, APPELLANT, *v.* BOUCHER ET AL., RESPONDENTS.

(No. 6,946.)

(Submitted January 6, 1933. Decided January 24, 1933.)

[19 Pac. (2d) 223.]

*Messrs. Meyer & Meyer,* for Appellant, submitted a brief; *Mr. Harry Meyer* argued the cause orally.

*Mr. F. S. P. Foss* and *Messrs. Binnard & Rodger* for Respondents submitted a brief.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal from an order setting aside a default judgment and permitting the defendants to plead to an amended complaint.

On May 15, 1931, the plaintiff, Paramount Publix Corporation, gave notice of motion for leave to file an amended complaint in its action pending wherein L. E. Boucher and Mrs. Albert Anderson, as administratrix of the estate of George R. Cummins, deceased, were defendants. The action was on contract for the furnishing of cinema films to the firm of Boucher & Cummins, a copartnership operating a moving picture theater at Glendive during the lifetime of Cummins. It is apparent that Boucher did not contest the claim, but that the administratrix was attempting to defend on the ground of irregularity in the presentment of a claim against the estate, and she will hereafter be referred to as the defendant.

With the notice and written motion filed, plaintiff tendered the proposed amended complaint for filing. The motion was heard, and granted on May 23, and, according to the court's minutes of that date, the plaintiff was granted until May 28 "to file said amended complaint," and the defendant twenty days after the filing within which to "plead to said amended complaint." On May 28 the court granted plaintiff additional time within which to file "an" amended complaint, and on June 2 a complaint, other than that tendered, was filed. On June 19 the defendant applied for and was granted twenty days, in addition to the time theretofore granted, within which to *plead* to the amended complaint filed, and thereupon gave notice of motion to strike the amended complaint on the ground that it was filed without leave of court. This motion was heard and taken under advisement on June 27, and on June 29 the court filed a written order wherein it is first recited that the minute entry of May 23 is corrected "to conform to the fact," to read that the plaintiff is granted time within which to file an amended complaint, and then that the motion to strike is denied. The order contains no grant of

time within which to thereafter plead to the amended complaint. The day following the entry of the order, plaintiff caused the default of the defendant to be entered, and a default judgment was thereupon entered on July 3.

On July 6 the defendant filed a demurrer to the amended complaint, and on July 8 served and filed her motion to set aside the default and judgment, which motion is supported by affidavits and accompanied by a tendered answer and resulted in the order, from which this appeal is taken, setting the default aside and directing the defendant to file her tendered answer within five days, and granting the plaintiff twenty days after filing within which to plead to the answer.

The plaintiff asserts that the affidavits filed and showing made are insufficient to invoke the discretion of the court to relieve the defendant from the judgment, under the provisions of section 9187, Revised Codes of 1921, and the decisions construing that section; that there was no proper showing of merit, and that the tendered answer does not disclose a meritorious defense, but rather a merely technical defense.

Inasmuch as the granted time within which the defendant was required to "plead" to the amended complaint had not expired at the time the default was entered, it becomes important at the outset to determine the effect of the action taken within that time and as to whether or not the motion to strike was a "pleading," the filing of which exhausted defendant's right to plead within the time granted, so that, on the court's disposition of the motion, it became necessary for the defendant to secure further time or suffer default.

It is generally held that a motion is not a pleading, though often "directed at a pleading" (42 C. J. 469; *Genardini* v. *Kline*, 21 Ariz. 523, 190 Pac. 568), but mere nomenclature is not important, and, if a motion to strike parts, or the whole, of a pleading is based upon a ground for demurrer, the motion may be taken as a demurrer (*State* v. *American Surety Co.*, 78 Mont. 504, 255 Pac. 1063; *Hays* v. *Peavey*, 43 Wash. 163, 86 Pac. 170), and such a motion may be "in fact and in substance" a demurrer (*State ex rel. Juckem* v.

*District Court,* 57 Mont. 315, 188 Pac. 137). Likewise, when a demurrer is interposed on a ground which justifies a motion, the demurrer may be deemed a motion and relief granted. (*Fordyce* v. *Nix,* 58 Ark. 136, 23 S. W. 967.) However, under the provisions of the Code, the demurrer and motion each has its own separate and distinct office, and neither can perform that of the other. (*Plymouth Gold Min. Co.* v. *United States Fidelity & Guaranty Co.,* 35 Mont. 23, 88 Pac. 565, 10 Ann. Cas. 951; *Flatt* v. *Norman,* 91 Mont. 543, 11 Pac. (2d) 798.) A demurrer can be interposed only for one or more of the seven grounds enumerated in section 9131, Revised Codes of 1921, and, if a motion attacks a pleading upon a ground other than one on which a demurrer can be interposed, the motion cannot be deemed a demurrer. (*Russ* v. *Mitchell,* 11 Fla. 80; *City of Elkhart* v. *Simonton,* 71 Ind. 7; *Tully* v. *Herrin,* 44 Miss. 626; *Hershiser* v. *Delone,* 24 Neb. 380, 38 N. W. 863; *Finch* v. *Finch,* 10 Ohio St. 501; *Hemenway* v. *Francis,* 20 Or. 455, 26 Pac. 301.) In other words, the demurrer and the motion may only be used interchangeably when either would reach the alleged defect. (*Howell* v. *Stewart,* 54 Mo. 400.) Thus a "motion" challenging the jurisdiction of the court, may be treated as a demurrer, for such a challenge is a ground for demurrer under subdivision 1 of section 9131, above. (See *Missoula Belt Line R. Co.* v. *Smith,* 58 Mont. 432, 193 Pac. 529.)

That a pleading was filed without leave of court, when such ▮▮▮▮ leave is necessary under the provisions of sections 9186 and 9187 of the Revised Codes of 1921, is not a ground for demurrer, and, consequently, "the only method of determining whether an amended pleading has been improperly filed is by motion to strike." (21 Cal. Jur. 223; *Cooke* v. *Myers,* 86 Mont. 423, 283 Pac. 1114.) The interposition of a demurrer would waive the irregularity, and even the filing of a demurrer at the time the motion is filed constitutes an involuntary waiver of the irregularity to be reached by the motion. (*State ex rel. Bingham* v. *District Court,* 80 Mont. 97, 257 Pac. 1014.)

It is clearly apparent that the motion to strike cannot be deemed a demurrer, and is therefore not a "pleading" on the part of the defendant, for "the only pleadings allowed * * * on the part of the defendant [are] : 1. The demurrer to the complaint; 2. The answer; 3. The demurrer to reply." (Sec. 9127, Rev. Codes 1921.) The time granted to the defendant was "to plead to the amended complaint."

The motion is merely "an application for an order" (sec. 9772, Rev. Codes 1921), and is not subject to the general rules of pleading. (*Hall* v. *Hall*, 70 Mont. 460, 226 Pac. 469.) As the motion is not a pleading, what effect on the position of the defendant did its interposition have?

The making of the motion probably constituted an appearance under the definition given in section 9782, Revised Codes 1921, but it is not material whether this is so, as the defendant had already made general appearance by her application on June 19 for further time in which to plead (*State ex rel. Mackey* v. *District Court*, 40 Mont. 359, 106 Pac. 1098, 135 Am. St. Rep. 662; *Gravelin* v. *Porier*, 77 Mont. 260, 250 Pac. 823), and a mere appearance would not stay default (*Donlan* v. *Thompson Falls C. & M. Co.*, 42 Mont. 257, 112 Pac. 445).

Prior to 1904, the law with relation to the entry of default merely provided that, in an action such as this, "if no answer has been filed * * * within the time specified * * * or such further time as may have been granted, the clerk must enter the default of the defendant" (sec. 1020, Code Civ. Proc. 1895), and "the defendant may demur to the complaint within the time required in the summons to answer" (sec. 680, Id.). Under like statutes, the term "answer" was held to include a demurrer (*Oliphant* v. *Whitney*, 34 Cal. 27) ; but, as it was held that the statute required an appearance by answer (or demurrer), in order to prevent the entry of a default, a special appearance by motion did not extend the time for general appearance by answer (*Mantle* v. *Casey*, 31 Mont. 408, 78 Pac. 591).

At its first session after the *Mantle Case* was decided, the legislature amended section 1020, above, to read as we now

find it in section 9322 of the Revised Codes of 1921: "In an action arising upon contract for the recovery of money, * * * if no answer, demurrer, motion, or special appearance, coupled with a motion * * * or no motion to quash * * * or to challenge the jurisdiction of the court, has been * * * filed" within the time allowed by law, or such further time as may have been granted, "the clerk, upon application of the plaintiff, must enter the default of the defendant." Under the law as it now exists, appearance by motion, whether the appearance for the purpose of the motion is general or special, will prevent the entry of default prior to the disposition of the motion. (*State ex rel. Bingham* v. *District Court*, supra; *Mihelich* v. *Butte Electric R. Co.*, 85 Mont. 604, 281 Pac. 540.)

The situation, then, is this: The motion to strike was interposed during the time granted the defendant in which to plead, and, while the motion was pending, the default could not be entered, even though no disposition of the motion had been made during that time; the pendency of the motion tolled the time. Had the time to plead expired during the pendency of the motion, the defendant would have been in default after the court's order denying the motion was entered, unless the court then granted the defendant time within which to plead.

As the motion made was not a pleading, and the pleading attacked thereby was an amended complaint, decisions holding to the effect that, if the motion is such that the sustaining thereof would dispose of the case, as on demurrer to a complaint, the losing party will be in default, unless additional time is granted, are not in point.

While on the filing of an amended pleading the original becomes *functus officio,* this result is attained only when the party has the right to file, but, if without right, the purported amended pleading amounts to nothing, and the striking thereof leaves the case in the same situation as it was before the attempted amendment. Here, then, disposition of the motion in favor of the movant would not have disposed of the

348

ease, but would have left it pending on the original complaint on file.

The motion to strike was but a step preliminary to pleading to plaintiff's cause of action (Bancroft's Code Pleading, secs. 607 and 617; *Flatt* v. *Norman*, above), whether it be stated in the amended complaint or the original; had the motion been sustained, the defendant might have been required to secure leave of court and additional time within which to plead to the original complaint (if she had not already done so); but, as her motion was denied, she was called upon to plead to the amended complaint within the time granted, and, until that time had expired, default could not legally be entered against her.

It is therefore apparent that the default, and the default judgment, were prematurely entered. Such a judgment is not void, but voidable (*Batchoff* v. *Butte Pac. C. Co.*, 60 Mont. 179, 198 Pac. 132); therefore it was necessary to move that it be set aside, but the motion so made is not the motion for which provision is made in section 9187, Revised Codes of 1921, to relieve a party from a judgment taken against him "through his mistake, inadvertence * * * or excusable neglect" by appealing to the grace of the court, but rather a motion made as a matter of right. (*Billings* v. *Palmer*, 2 Cal. App. 432, 83 Pac. 1077; see 14 Cal. Jur. 891.) It is therefore immaterial as to whether or not the showing made and the answer tendered would be sufficient under the provisions of section 9187 to move the discretion of the court.

On the showing that the judgment was prematurely entered, it was the duty of the court to set it aside and permit the defendant to plead to the amended complaint.

The order from which the appeal is taken is affirmed.

Mr. Chief Justice Callaway and Associate Justices Angstman, Stewart and Anderson concur.

Rehearing denied February 23, 1933.