STATE ex rel. WESTLAKE et al., Relators, v. DISTRICT COURT OF FIRST JUDICIAL DISTRICT in and for LEWIS AND CLARK COUNTY et al., Respondents.

No. 8655

Submitted March 4, 1946. Decided March 23, 1946.

167 Pac. (2d) 588

Mr. Edmond G. Toomey and Toomey, McFarland & Hall, all of Helena, and Mr. Claude C. Gray, of Big Timber, for relators.

416

418

Mr. Stanley R. Foot and Mr. Arthur P. Acher, both of Helena, for respondents.

420

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Relators seek a writ requiring respondents district court and judge thereof to set aside an order striking plaintiff's complaint in intervention from the files in the action entitled O. L. Brackman, Plaintiff v. Albert H. Kruse, Commissioner of Agriculture of the State of Montana, and Thomas E. McMasters, Dairy Commissioner, Defendants.

That action was brought for a declaratory judgment determining that the imposition of license fees on sellers of oleomargarine by section 2620.45, Revised Codes, is unconstitutional and void.

The relators' petition to intervene was accompanied by their tendered complaint in intervention; an order was made ex parte permitting the intervention and directing the filing and service of the complaint in intervention, which included an answer to plaintiff's complaint, the interveners joining with the defendants in resisting plaintiff's contentions. On the following day the plaintiff filed both a motion to strike the complaint in intervention and a demurrer to that complaint. His motion was thereafter granted by the trial court on the ground "that the interest of the interveners is not the direct and immediate interest in the matter in litigation contemplated by section 9088, Revised Codes of 1935, and further that interveners' interests are already adequately represented by the original defendants." In other words, the court's conclusion was that the relators were not properly entitled to be heard as parties to the action, whatever the merits of their tendered complaint in intervention might be.

For reasons stated below, it is unnecessary to discuss the allegations of the complaint, the answer, the petition for leave to intervene, and the complaint in intervention.

This court said in State ex rel. Thelen v. District Court, 93 Mont. 149, 17 Pac. (2d) 57, 59: "By section 9088 it is provided that 'an intervention * * * is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of

the parties who have appeared.' This statute contemplates that two things must occur in accomplishing an intervention. The first is that there shall be filed a petition asking leave to intervene. If leave be granted, the complaint must then be filed. The first can be filed as matter of course; the second only upon leave of court. The better practice is to serve a copy of the complaint in intervention with the petition asking leave to intervene, and if leave is granted, the complaint should be filed forthwith.

"We think, however, that petitioner should not have been denied the right to intervene for failure to tender a complaint in this case. The petition asking leave to intervene stated facts sufficient to show petitioner's interest in the property, and showed the grounds upon which the intervention rests. It gave the adverse party as much information in that regard as could a complaint filed upon leave of court."

In other words, while it is regarded as the best· practice to serve and tender the proposed complaint in intervention along with the application for permission to intervene, and if so served and tendered the complaint in intervention may be considered with the application ·upon the issue of the right to intervene, it is no necessary part of that application, its chief mission being as a pleading in the main action, after intervention granted.

An order permitting intervention may be vacated on motion where permission to intervene should not have been granted. 47 C. J. 114, sec. 218. This is particularly true under statutes like ours, which permit the allowance of intervention without the requirement of a prior hearing upon notice to the litigants; for no other remedy is available. Manifestly, however, a motion directed against the petition and order of intervention is something quite different from a motion or demurrer directed against the complaint in intervention itself; for the first attacks the propriety of the existence of the complaint in intervention and of its consideration by the court, while the second regards it as before the court as a pleading in the main

cause and attacks its sufficiency as such. That they are entirely separate matters is manifested by this court's holding, in Burgess v. Hooks, 103 Mont. 245, 62 Pac. (2d) 228, 229, that "the order granting leave to intervene is, of course, without prejudice to any objection that may be made to the sufficiency of the pleading filed under the order." It is also made clear by the holding in the same case that "after intervention, the intervener's rights are as broad as those of the other parties to the action" and the holding in State Bank of New Salem v. Schultze, 63 Mont. 410, 209 Pac. 599, 603, that "from a reading of the statute, it was clearly the legislative intent that the ordinary rules of pleading shall apply to a complaint in intervention; for, after making provisions for the service thereof, it requires that parties to the original action may answer or demur to the intervener's complaint as if it were an original complaint."

By plaintiff's motion he questioned the relators' right to intervene and thus the court's jurisdiction to hear them as interveners, but by his demurrer to the complaint in intervention he must be held to have assented to that jurisdiction by tendering to the court the issue of law whether that pleading stated facts sufficient to constitute a cause of action.

In State ex rel. Bingham v. District Court, 80 Mont. 97, 257 Pac. 1014, 1015, the relator sought a writ of supervisory control to compel the District Court, in an action in which she was a defendant, to grant her motion to strike an amended and supplemental complaint from the files upon the ground that it had been filed without valid order of court. Her petition showed that at the time of serving and filing her motion to strike that pleading she served and filed also a demurrer to it.

This court unanimously held that the objection raised by her motion "challenges the jurisdiction of the court over the person of the defendant, may be waived, and is saved only by appearing specially for the purpose of urging it. Schilling v. Reagan, 19 Mont. 508, 48 Pac. 1109; Hinderager v. MacGinniss, 61 Mont. 312, 202 Pac. 200''; that the filing of her motion "constituted a special appearance only and extended the time for making

her appearance on the merits until the motion was determined (section 9322, Rev. Codes 1921; Missoula Belt Line Ry. Co. v. Smith, 58 Mont. 432, 193 Pac. 529), and having so appeared, counsel was required to do nothing further until the court ruled upon his motion except to 'keep out of court for all other purposes' (Hinderager v. MacGinniss, above; Gravelin v. Porier, 77 Mont. 260, 250 Pac. 823)''; that ''the filing of a demurrer constitutes a general appearance, vesting the court with jurisdiction over the person of the demurrant (McKierman v. King, 2 Mont. 72; Butte Butchering Co. v. Clarke, 19 Mont. 306, 48 Pac. 303) and operates as a waiver of the objection to such jurisdiction (Sanders v. Farwell, 1 Mont. 599; Collier v. Erwin, 3 Mont. 142; Smith v. Franklin Fire Ins. Co., 61 Mont. 441, 202 Pac. 751; Hinderager v. MacGinniss, above)''; that ''when counsel appeared generally for his client, though he was not required at the time to do so, he waived her objection to any defects in the pleading attackable only by motion (31 Cyc. 725), in spite of the fact that he filed her notice of motion at the same time.''

In that case an attempt had been made to preserve the effect of the special appearance by the statement in the demurrer that the right to rely upon defendant's motion to strike was expressly reserved, thus demonstrating that there was no intent to waive the motion; but this court said: ''It may be that, to say that a party 'waives' such objections by any act constituting a general appearance is not a technically accurate statement, as a 'waiver' is 'the intentional relinquishment of a known right' (27 R. C. L. 904), and to constitute a waiver of a right there must have been an intention to waive (In re Estate of Nix, 66 Mont. 559, 213 Pac. 1089), but the statutes and the authorities declare that by taking certain action in a cause a party is 'deemed' to have waived, not the right to object to defects in pleadings or service, but the defects; it might be more accurate to say that the party is, by this act, barred from thereafter raising an objection to such defects, but the result is the same and the law on the question is well settled. The law declares

that, by his act, a party is 'deemed' to have waived the defects and the so-called waiver depends, not on the intention of the party, but upon his actions. Thus in State ex rel. Mackey v. District Court, 40 Mont. 359, 106 Pac. 1098, 135 Am. St. Rep. 622, it was held that where an attorney appeared specially for the purpose of making a motion akin to that in the case at bar, stating that he was authorized only to appear specially, but asked the court to grant additional time to the defendant within which to answer, he had made a general appearance which could not be limited to its scope by his statement to the contrary. * * * The attempted reservation in the demurrer was ineffectual for any purpose.''

In Cooke v. Myers, 86 Mont. 423, 283 Pac. 1114, this court unanimously held that, where in an amended complaint plaintiff states an entirely new cause of action he discontinues the former action and begins a new one; that the only method of raising the question whether such pleading has been improperly filed is by a motion to strike the pleading upon the ground that it is not in fact an amended complaint but the statement of a new action; and that by answering the amended complaint defendant had waived the irregularity.

In Beale v. Lingquist, 92 Mont. 480, 15 Pac. (2d) 927, 928, the defendants objected that they had not been given ten days notice of the hearing for the appointment of a receiver. This court said in an unanimous decision: "If for the sake of argument, we concede they were entitled to such notice, then, in order to avail themselves of the situation thus created, it was incumbent upon them to appear specially by challenging the right of the court to make the order of appointment because it did not have jurisdiction of their persons at the time the order was made. State ex rel. Bingham v. District Court, 80 Mont. 97, 257 Pac. 1014; 4 C. J. 1316. By asking for relief on non-jurisdictional, as well as jurisdictional grounds they made a general appearance. * * * In other words, the motion to vacate [the order appointing the receiver] cured the want of sufficient

notice in the first instance, if it was in fact insufficient, and vested the court with jurisdiction to make an order denying it.''

In Paramount Publix Corporation v. Boucher, 93 Mont. 340, 19 Pac. (2d) 223, 225, this court unanimously held: ''That a pleading was filed without leave of court, when such leave is necessary under the provisions of sections 9186 and 9187 of the Revised Codes of 1921, is not a ground for demurrer, and consequently, 'the only method of determining whether an amended pleading has been improperly filed is by motion to strike.' 21 Cal. Jur. 223; Cooke v. Myers, 86 Mont. 423, 283 Pac. 1114. The interposition of a demurrer would waive the irregularity, and even the filing of a demurrer at the time the motion is filed constitutes an involuntary waiver of the irregularity to be reached by the motion. State ex rel. Bingham v. District Court, 80 Mont. 97, 257 Pac. 1014.''

Here likewise the plaintiff's submission to the court of the question of the legal sufficiency of the pleading is utterly inconsistent with the contention that that pleading was not properly before the court because the interveners had not properly established their right to file it.

Since the plaintiff's objection to relators' presence in the action as interveners must be deemed waived by his demurrer to their complaint in intervention, it is clear that the respondent court and judge had no jurisdiction to grant that objection. For the same reason this court has no jurisdiction in this proceeding to determine whether one who seeks a declaratory judgment holding a statute unconstitutional may prevent the intervention of others interested in sustaining the statute as valid.

Let a peremptory writ issue directing respondents to annul the order striking the relators' complaint and answer in intervention.

Associate Justices Morris and Cheadle concur.

Mr. Justice Angstman. (dissenting).

I do not believe that plaintiff, Brackman, by demurring to the complaint in intervention waived his right to stand upon his motion to strike which raised the jurisdictional right of the

court to hear intervenors. The rule is well settled that jurisdiction of the court cannot be conferred by consent. Of course, Brackman could have waived the right to object to the court's jurisdiction over him but he is not raising that point. He submitted to the jurisdiction of the court over him when he filed his complaint. The question here is, has he taken such action that the court must allow the intervenors to remain in the case whether they have a sufficient interest in the case to be heard or not. I do not think so.

In 39 Am. Jur., p. 949, it is said: "The petition or complaint may also be assailed by demurrer on the same grounds as any other pleading, and on the further ground that the matters alleged do not warrant an intervention, and it may, like other complaints, be so insufficient that neither a motion to strike out nor a demurrer is required, and such insufficiency may be available at any stage of the proceeding by directing the attention of the court thereto, and doubtless may be suggested and acted on by the court ex mero motu."

And in Brown v. Saul, 4 Mart., N. S., La., 434, 16 Am. Dec. 175, it is said: "But a total want of legal right in a suitor, in relation to the matters in litigation, ought to be taken into consideration and acted on by courts of justice, at any stage of a cause. They should not remain silent spectators of infringements of the true principles of laws, which they are appointed to administer."

I think the court of its own motion has the right to strike a complaint in intervention if the court thinks the intervenor has not a sufficient interest in the litigation to entitle him to intervene, even though the point is not raised by the litigants. I do not agree that the demurrer is inconsistent with the motion. It is in harmony with it. Both the motion and the demurrer question the sufficiency of the allegations of the complaint in intervention to show sufficient facts to entitle intervenors to intervene. In fact, when the cause is again considered by the judge of the trial court, entertaining the view that he does, he will be obliged to sustain the demurrer to the complaint. In-

tervenors, who have alleged everything that can be alleged showing their interest, will then be obliged to come to this court again to have the point determined which is now before the court.

Under the rule above quoted from 39 Am. Jur., p. 949, the court has a sufficient interest in the conduct of its own proceedings to keep out parties whom it thinks have not a sufficient interest to intervene. The case of Cooke v. Myers, 86 Mont. 423, 283 Pac. 1114, presented but an irregularity which the court held was waived by demurring to the amended complaint. It was not a case having to do with a jurisdictional matter. The same is true of the case of Paramount Publix Corp. v. Boucher, 93 Mont. 340, 19 Pac. (2d) 223. Other cases relied upon in the majority opinion are not analogous because they deal with the question as to whether a litigant can demur to a pleading or otherwise plead to it and still not subject himself to the jurisdiction of the court. That point is not involved here.

I think the motion to strike should be considered on its merits and that Brackman did not waive the right to stand upon it by demurring generally to the complaint in intervention. I think we should determine the point whether the intervenors have a sufficient interest in the subject matter of the action to entitle them to come into the case by intervention.

Mr. Justice Adair (dissenting).

On July 2, 1945, complaint was filed in the District Court of Lewis and Clark County in cause of action numbered 19801, entitled O. L. Brackman, plaintiff v. Albert H. Kruse, Commissioner of Agriculture of the State of Montana, and Thomas E. McMasters, Dairy Commissioner, defendants, and on Sept. 27, 1945, the defendants filed their answer to such complaint. Thus did the District Court acquire jurisdiction of the persons of the parties plaintiff and defendant.

On January 28, 1946, the relators in the instant proceeding filed in the District Court a petition for leave to file a complaint in intervention in said cause No. 19801 and on the same day the District Court, on such ex parte application, issued an order permitting the relators, each and all, to become parties

to said district court action under the general designation "Intervenors" and to file forthwith their complaint in intervention and answer to the complaint of plaintiff in union with defendants. Thereupon a complaint in intervention and answer was filed by intervenors and thus did the District Court acquire jurisdiction of the persons of the intervening relators.

On January 29, 1946, the plaintiff O. L. Brackman filed in the District Court a written motion to strike from the files the complaint and answer of the intervenors which had been filed on the preceding day. The motion was made upon the grounds (1) that the complaint in intervention fails to set forth sufficient facts to allege an interest of intervenors in the matter in litigation, in the success of either plaintiff or defendants or in an interest against both as required by section 9088, Revised Codes, (2) that the interests of the intervenors, if any, are already represented, (3) that the intervenors are not entitled to intervene in said action, and (4) that the answer of intervenors is improperly made a part of their complaint in intervention.

On the same date, to-wit: January 29, 1946, the plaintiff filed a demurrer to the complaint in intervention on the sole grounds that it "does not state facts sufficient to constitute a cause of action." By the filing of the motion to strike from the files and the demurrer, the plaintiff, in effect, concedes jurisdiction of the District Court over the persons of the intervenors.

While it is quite true that parties seeking to challenge the jurisdiction of the court over their persons waive the right so to do when they contend that through some defect in the process of the court or its service the court is without jurisdiction unless such jurisdictional question is raised at the earliest opportunity (State ex rel. Bingham v. District Court, 80 Mont. 97, 257 Pac. 1014; In re Graye, 36 Mont. 394, 93 Pac. 266), yet "As to other questions of jurisdiction, * * * they are never waived, for consent will not give jurisdiction of subject-matter." Reed v. Woodmen of the World, 94 Mont. 374, 382, 22 Pac. (2d) 819, 821.

In the instant case it is quite clear that the District Court had jurisdiction over the persons of the plaintiff, the defendants

and the intervenors at the time plaintiff's general demurrer and motion to strike the intervenor's pleading from the files were interposed, and it is equally clear that the court's jurisdiction over the persons of the parties is not challenged by either the motion or the demurrer, each of which, conceding that the facts are as alleged in the complaint in intervention, nevertheless urge that under the statute such allegations fail to show a right in the relators to intervene in the action, which is to say that the allegations of the complaint in intervention are insufficient to state a case entitling relators to intervene.

The majority opinion fails to observe the distinction between the waiver of the right to challenge the jurisdiction of the court over the person of a party not properly brought within the jurisdiction of the court and the right to challenge the jurisdiction of the court over the subject matter of the action. State ex rel. Bingham v. District Court, supra, is wholly inapplicable to the facts of the instant case and I find nothing therein which says that in a case where the court's jurisdiction of the persons of the parties is conceded that a party may not challenge the sufficiency of a pleading either by general demurrer or by a motion to strike from the files or that when a pleading is wholly insufficient it may not be stricken from the files even though its sufficiency has also been attacked by a general demurrer.

Rehearing denied April 22, 1946.